(Nos. 14750-14751.—Reversed and remanded.)

THE ILLINOIS BELL TELEPHONE COMPANY, Appellant, *vs.* THE COMMERCE COMMISSION *ex rel.* The City of Edwardsville, Appellee.—THE ILLINOIS BELL TELEPHONE COMPANY, Appellant, *vs.* THE COMMERCE COMMISSION *ex rel.* The City of Alton, Appellee.

*Opinion filed October 21, 1922.*

PUBLIC UTILITIES—*the Commerce Commission must determine what rates are reasonable where the proposed schedule is rejected.* Under section 36 of the Public Utilities act, where the Commerce Commission, after a hearing on a proposed schedule of rates to be charged by a public utility, finds that the rates are not just and reasonable, it cannot enter an order permanently suspending the proposed schedule without making a finding as to what rates are just and reasonable, even though changing price conditions make it difficult to determine what are reasonable rates.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

CUTTING, MOORE & SIDLEY, (W. D. BANGS, and BEN B. BOYNTON, of counsel,) for appellant.

J. E. EECK, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This appeal is to review the decision of the circuit court of Madison county affirming orders of the Commerce Commission permanently suspending a certain increase in rates in the cities of Edwardsville and Alton, in said county, proposed and filed with the commission by the appellant. Separate schedules of rates were filed and the orders entered thereon were separate orders. The causes, however, have been consolidated in this court for purpose of review.

On September 1, 1920, appellant filed its schedule of rates with the commission, to become effective thirty days thereafter. The commission, under the terms of section 36

of the Public Utilities act, proceeded to a hearing concerning the reasonableness of the proposed rates and postponed the date on which the same should go into effect for a period of six months. On February 1, 1921, the commission entered a second order suspending the date for the going into effect of the proposed rates for another six months. On July 19, 1921, the commission entered a third order of suspension for an additional period of six months. On October 31, 1921, the commission entered an order permanently suspending the schedule of rates filed and annulling and canceling the same. A rehearing was asked and denied. The circuit court affirmed the orders of the commission. The ground upon which the permanent suspension orders of the commission were entered was that there had been a marked decline in the price of labor and materials entering into the cost of telephone service; that for that reason the commission could not then fix rates for the future, and it refused to determine what would be reasonable rates.

Section 36 of the Public Utilities act provides: "Unless the commission otherwise orders, no change shall be made by any public utility in any rate or other charge or classification, or in any rule, regulation, practice or contract relating to or affecting any rate or other charge, classification or service, or in any privilege or facility, except after thirty days' notice to the commission and to the public as herein provided. * * * No public utility shall increase any rate or other charge, or so alter any classification, contract, practice, rule or regulation as to result in any increase in any rate or other charge, under any circumstances whatsoever, except upon a showing before the commission and a finding by the commission that such increase is justified. Whenever there shall be filed with the commission any schedule stating an individual or joint rate or other charge, classification, contract, practice, rule or regulation, the commission shall have power, and it is hereby given

authority, either upon complaint or upon its own initiative without complaint, at once, and if it so orders, without answer or other formal pleadings by the interested public utility or utilities, but upon reasonable notice, to enter upon a hearing concerning the propriety of such rate or other charge, classification, contract, practice, rule or regulation, and pending the hearing and the decision thereon, such rate or other charge, classification, contract, practice, rule or regulation shall not go into effect: *Provided,* that the period of suspension of such rate or other charge, classification, contract, practice, rule or regulation shall not extend more than one hundred and twenty days beyond the time when such rate or other charge, classification, contract, practice, rule or regulation would otherwise go into effect unless the commission, in its discretion, extends the period of suspension for a further period not exceeding six months. On such hearing the commission shall establish the rates or other charges, classifications, contracts, practices, rules or regulations proposed, in whole or in part, or others in lieu thereof, which it shall find to be just and reasonable."

It will be noted that by the last sentence of the section quoted it is the duty of the commission to fix the rates on such hearing, either by sanctioning the schedule or determining what are just and reasonable rates. There appears to be nothing in the statute excusing the commission from establishing what are reasonable rates because changes in prices and industrial conditions are unusual. Such conditions doubtless presented additional problems to the commission in determining what are just and reasonable rates but do not excuse failure to fix rates. The statute specifically provides that where a hearing is had on proposed new rates, if the same are found not to be just and reasonable the commission shall determine what are just and reasonable rates. The right in the first instance to make rates lies with the utility. The Public Utilities act was passed for the purpose of preventing unjust discrimination, undue

preferences and extortionate rates and charges.   Under the act the Public Utilities Commission (later by amendment termed the Commerce Commission) was charged with the duty of establishing just, reasonable and uniform rates and charges by public utilities doing business in this State. (*Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555.)   An examination of section 36 of the act, however, is sufficient to disclose that the commission has no authority to make rates in the first instance, but a schedule of rates, where the rates are desired to be changed, is to be filed with the commission by the utility, and it is only where the commission, after a hearing, finds that the proposed schedule of rates, charges, etc., is not just and reasonable that it becomes the duty of the commission to fix rates.   No increase of rates is allowed except upon a showing before the commission and a finding that the increase is justified.   Whenever a schedule of a change of rates is filed with the commission, that body may upon complaint, or upon its own initiative, enter upon a hearing and investigation concerning the propriety of such change of rates, charges, etc., and during that hearing the rates shall not go into effect.   Section 36 contains a proviso, however, that the period of suspension of the rates, charges, etc., shall not be more than 120 days beyond the time when the same would otherwise go into effect, unless the commission extends the period of suspension for a term of not more than six months.   It is clear from the language of this section that the power to suspend rates is limited to a period of ten months after the time at which the schedule would otherwise have gone into effect.   This limitation of time, however, relates to the suspension of the rates and does not relate to the power or duty of the Public Utilities Commission to hear and determine the reasonableness of the proposed rates.   Regardless of whether the appellant might have put the new schedule of rates into effect at the end of the ten-months period, the duty remained with the

commission to conclude its hearing and determine whether the proposed schedule of rates was just and reasonable, and if not, then to determine what would be just and reasonable rates.

It is urged that the permanent suspension of the proposed schedule of rates was, in effect, a finding of the commission that the rates were unjust and unreasonable. Even conceding this to be true, the duty still remained with the commission to determine what are just and reasonable rates. It cannot be said that the commission by this action found that the rates already in effect are just and reasonable for there was no finding of the commission to that effect, but, on the contrary, its holding is that by reason of changing price conditions it was unable to determine what would be just and reasonable, either to the utility or the public, in the matter of rates. The commission should have determined what are reasonable rates.

The order for permanent suspension was void. It was error on the part of the circuit court to affirm the decision of the commission.

Since there appears to have been no attempt on the part of the utility to put the proposed schedule of rates into effect it does not become necessary to decide questions arising under such an attempt, or as to the power of the commission to order reparation where such rates have been put into effect and the commission afterwards finds them to be unjust and unreasonable.

The judgment of the circuit court is therefore reversed and the cause remanded to that court, with directions to remand the same to the commission to determine whether or not the proposed schedule of rates is just and reasonable, and if it finds it is not, to determine what are reasonable rates and to fix the same.

*Reversed and remanded, with directions.*