GEORGE W. ECKHART *vs.* THE STATE.

July Term, 1872.

1. *The act of February 17th 1871, in relation to the Municipal Court of Wheeling, is unconstitutional so far as it attempts to confer sole jurisdiction on that court for the trial of cases involving a violation of the Revenue laws by selling ardent spirits on the Sabbath; where the party charged had given bond according to the provisions of chapter 32 of the Code.

2. The sixth section of the act purports to repeal all acts and parts of acts, inconsistent with it, but it does not take away any jurisdiction from the circuit court in such cases.

3. Part of an act may be inoperative and void, and part of it operative, but this can only be when the parts are not connected. If they are so connected with

---

*Be it enacted by the Legislature of West Virginia:*

1. That the municipal court of the City of Wheeling, in the County of Ohio, be and the same is hereby invested with sole jurisdiction of hearing and determining all complaints concerning the violation of any law respecting licenses for the sale of spirituous liquors, ale, beer, porter and other intoxicating drinks, granted within the corporate limits of said city.

2. That the said municipal court shall also have sole jurisdiction to try and determine all actions upon bonds for the violation of any license granted for the sale of spirituous liquors and other intoxicating drinks granted in the corporate limits of said city.

3. The said municipal court or the judge thereof in vacation, upon information under oath of some credible witness, that any person is selling or offering or exposing for sale any spirituous liquors, wine, ale, beer, porter and drinks of like nature, contrary to any law for licensing of said persons to sell such spirituous liquors, wine, ale, beer, porter and like drinks, shall issue a warrant, requiring the person accused to be brought before said court at its regular term next succeeding the violation of said license law, or before the judge thereof in vacation, and in the same warrant shall require that the officer, to whom it is directed to summon the informant and such other witnesses as shall be therein named, or whose names are endorsed thereon, to appear and give evidence on the examination. And upon conviction, the person so informed upon shall be liable to the penalties already prescribed by law

4. The prosecuting attorney of Ohio county is hereby required to prosecute all said complaints of the violation of said license laws, and shall be entitled to the same fees as allowed by the Code for such cases made and provided.

5. This act is intended to divest all justices within the corporate limits of said city, from all and any jurisdiction whatever, of all complaints and actions arising from the violation of licenses for the sale of spirituous liquors, wine, ale, beer, porter and drinks of like nature, granted within the corporate limits of said city of Wheeling; and for the unlawful selling of such spirituous liquors, wine, ale beer, porter and drinks of like nature, without license.

6. All acts or parts of acts inconsistent with this act are hereby repealed, so far as the City of Wheeling is concerned.

7. Any party aggrieved by the final judgment of said court, may appeal therefrom to the circuit court of Ohio county in the manner now provided by law.

each other as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature could not pass the residue independently; then if some parts are unconstitutional, all the provisions which are thus connected must fall with them.

4.   Any act that would seek to take away from the circuit court, jurisdiction to try such cases as the one under consideration, would be in violation of the 6th section of Article VI of the Constitution, which provides that the circuit courts shall have original jurisdiction of all crimes and misdemeanors.

The indictment in this case was found at the the March term 1871, of the circuit court of Ohio County.

The opinion of Judge Maxwell contains a sufficient statement of the points at issue.

The defendant brought the case to the court, after judgment against him was had at the April term 1871.

*Pendleton & Davenport and Cracraft* for the plaintiff in error.
*The Attorney General* for the State.

MAXWELL J.   Eckhart was indicted in the circuit court of Ohio county for selling and furnishing in the city of Wheeling spirituous liquors, wine, porter, ale and beer and drinks of like nature to a certain person on Sunday; the said Eckhart at the time of the alleged selling and furnishing having a license as required, and having executed the bond required by the 12th section of chapter 32 of the Code, conditioned among other things that he would not sell or furnish such drink to any person on Sunday.

There was a demurrer to the indictment which was overruled, and a judgment rendered against the defendant below.

It is insisted here that the judgment is erroneous, because the grand jury had no jurisdiction to find the indictment, and because the court had no jurisdiction to hear and determine the case.

The ground upon which it is claimed that the circuit court has no jurisdiction of the case, is the act of the legislature, passed February 27th, 1871, entitled an " Act, conferring jurisdiction on the municipal court of the city of Wheeling, in civil and criminal cases for the violation of the license law." The first section of this act invests the said municipal court with sole jurisdiction to hear and determine all complaints concerning the violation of any law respecting licenses for the sale of spirituous liquors, ale, beer, porter, and other in-

toxicating drinks granted within the corporate limits of the city of Wheeling.

The second section provides that the said court shall also have sole jurisdiction to try and determine all actions upon bonds, for the violation of any license granted for the sale of spirituous liquors and other intoxicating drinks granted in the corporate limits of said city.

The third section provides the mode of proceeding, and directs the municipal court, or the judge thereof in vacation, to issue his warrant to bring any person accused of selling spirituous liquors in the city of Wheeling, in violation of his license, before the next term of the said court, to be tried, and if found guilty, the penalty provided by law to be imposed on him.

If the municipal court has sole jurisdiction of this case, it necessarily follows that the circuit court had no jurisdiction.

It is maintained that the act giving sole jurisdiction to the municipal court is unconstitutional and therefore null and void. The attorney for the accused insists that the act is constitutional, while the Attorney General insists that it is unconstitutional.

The 4th section of Article XI of the constitution, provides that laws may be passed regulating or prohibiting the sale of intoxicaring liquors within the limits of this State.

Chapter 32 of the Code, passed in supposed conformity to this provision of the constitution, authorizes the sale of intoxicating liquors upon license, under certain specified circumstances, and prohibits such sales, even upon license, to certain persons at any time and prohibits such sales to any person on Sunday.

This is a prosecution as before stated, for selling and furnishing intoxicating liquors in violation of section 12 of said chapter. The offense is declared a misdemeanor, and the penalty imposed on conviction, is a fine of not less than ten, nor more than one hundred dollars.

The first section of the bill of rights provides that no person shall be held to answer for treason, felony, or other crime not cognizable by a justice, unless on presentment or indictment of a grand jury. The 9th section of Article VII of the constitution provides, that jurisdiction of all misdemeanors and

518    COURT OF APPEALS OF WEST VIRGINIA.

July Term,        George W. Eckhart vs. The State.        1872

breaches of the peace, punishable by fine not exceeding ten dollars or by imprisonment for not more than thirty days, may be by law vested in the justices. A justice could have no jurisdiction to try this case, because the penalty imposed on conviction may be more than ten dollars The case can only be prosecuted on presentment or indictment of a grand jury, and the trial of the case can only be by jury, as provided in the 8th section of the bill of rights; unless a jury be waived by the accused, as was in fact done in this case.

The municipal court of the city of Wheeling, is a court of limited jurisdiction. It has no grand jury to find indictments, nor any petit jury to try any criminal case. It has no criminal jurisdiction, except in cases where a fine, penalty or punishment may lawfully be imposed for a violation of an ordinance of the city.

It follows, therefore, as cases like this can only be prosecuted on presentment or indictment of a grand jury, and the trial of the case can only be by jury, that the municipal court can have no jurisdiction of the case, either sole or concurrent. It is insisted that although the act of February 27th, 1871, may not confer upon the municipal court jurisdiction of the case, yet the 6th section of the said act, repealing all acts or parts of acts inconsistant with the act, takes away from the circuit court all jurisdiction to hear and determine the case.

It is well settled that part of an act may be inopperative and void, and part of it operative, but this can only be when the parts are not connected.

If they are so connected with each other as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature would not pass the residue independently; then if some parts are unconstitutional, all the provisions which are connected must fall with them. *Cooley's Constitutional Lim.*, p. 177–8–9. *Commonwealth* vs. *Hitchings*, 5 Gray 482. *Fisher* vs. *McGim* 1 Gray 1. *Warner* vs. *Mayor of Charlestown*, 2 Gray 84.

The object of the legislature in passing the act in question, was to confer upon the municipal court, sole jurisdiction to try all offenses of the class presented in this case, committed within the city of Wheeling, and it cannot be supposed that it would have passed any act taking away from the circuit

court jurisdiction to try such offenses, as an independent act. The effect of such an act, if valid, would be that no offense of the kind could be prosecuted or punished. Moreover an act to take from the circuit court jurisdiction to try such cases as this, would be in violation of section 6th, Article VI of the constitution, which provides that the circuit courts shall have original jurisdiction of all crimes and misdemeanors.

For both of these reasons, this court must hold the repealing section inoperative and void.

There is nothing therefore in the act, to interfere with the jurisdiction of the circuit court to hear and determine the cause, and the judgment complained of will have to be affirmed with damages and costs.

The other judges concurred.

DECREE AFFIRMED.