UNITED FUEL GAS COMPANY *v.* HALLANAN, STATE TAX COMMISSIONER OF THE STATE OF WEST VIRGINIA, ET AL.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF WEST VIRGINIA.

No. 276. Argued November 9, 10, 1921.—Decided December 12, 1921.

1. A writ of error sustained, following *Eureka Pipe Line Co.* v. *Hallanan, ante,* 265. P. 280.
2. Natural gas, collected and purchased by a pipe line company within a State and moving through its pipes, and the pipes of other companies to which it sells it, in continuous streams destined beyond the State, is a subject of interstate commerce, the transportation of which the State may not tax. P. 280.
3. *Held,* that the interstate character of the gas so destined was not affected by the right of transporting companies to divert to local destinations, or by the fact that smaller quantities for local delivery were commingled with the other and the proportions between the two were not precisely fixed. P. 281.

87 W. Va. 396, reversed; petition for certiorari dismissed.

Error to a judgment sustaining a tax in a suit by the plaintiff in error to restrain its enforcement. See the preceding case, *ante,* 265.

*Mr. Malcolm Jackson,* with whom *Mr. R. G. Altizer* and *Mr. E. W. Knight* were on the briefs, for plaintiff in error.

The final decree is reviewable by writ of error. Jud. Code, § 237; *Merchants' National Bank* v. *Richmond,* 256 U. S. 635.

Natural gas is an article of commerce and its transportation from one State to another is interstate commerce.

Such transportation is none the less interstate commerce because accomplished by two or more connecting carriers, one or more of which operates within the limits of a single State. *The Daniel Ball,* 10 Wall. 557; *Wabash &c. Ry. Co.* v. *Illinois,* 118 U. S. 557; *Norfolk & Western R. R. Co.* v. *Pennsylvania,* 136 U. S. 114; *Railroad Commission* v. *Texas & Pacific Ry. Co.,* 229 U. S. 336; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Harold,* 241 U. S. 371.

In determining whether commerce is interstate or intrastate, regard must be had to its essential character—mere billing or the place at which title passes is not determinative.

The transportation and sale of natural gas by plaintiff to other companies for further transportation to points outside the State, under contracts contemplating such interstate transportation, were transactions in interstate commerce, to the extent that said gas was intended to be and actually was transported outside the State, notwithstanding said gas was delivered by plaintiff to the purchaser in West Virginia and notwithstanding a relatively small portion of the gas so delivered was resold by the purchasers to consumers along their lines in West Virginia. *Public Utilities Commission* v. *Landon,* 249 U. S. 236; *Pennsylvania Gas Co.* v. *Public Service Commission,* 252 U. S. 23; *Ohio R. R. Commission* v. *Worthington,* 225 U. S. 201.

The intrastate business—transportation from points of production to other localities in the same State, where

the gas is sold to consumers—is conducted by plaintiff as a public service, regulated by the Public Service Commission. The same pipe lines are used for this transportation as those used for transportation to points outside the State. Plaintiff, therefore, not having power voluntarily to withdraw from a public service in West Virginia, is required by the decision under review to pay the tax upon its intrastate business as a condition precedent to continuing the interstate business. *Pullman Co.* v. *Adams,* 189 U. S. 420; *Allen* v. *Pullman Co.,* 191 U. S. 171; *Bowman* v. *Continental Oil Co.,* 256 U. S. 642; *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113.

The arbitrary power given the state tax commissioner, resulting from the failure of the statute to provide a definite measure of the tax, operates to deprive plaintiff of its property without due process of law and to deny to it the equal protection of the laws. *Yick Wo* v. *Hopkins,* 118 U. S. 356.

*Mr. Wm. Gordon Mathews,* with whom *Mr. E. T. England,* Attorney General of the State of West Virginia, *Mr. S. B. Avis* and *Mr. Fred O. Blue* were on the brief, for defendants in error.

No substantial federal question is involved and the writ of error should be dismissed and the writ of certiorari denied. Jud. Code, § 237. The court below construed the statute as imposing a tax only upon those engaged in the transportation of natural gas in intrastate commerce, and further construed it as authorizing the tax to be measured only by the amount of such commerce. *Merchants' National Bank* v. *Richmond,* 256 U. S. 635, distinguished.

[See argument in the preceding case, *ante,* 268, for authorities cited on the merits.]

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill in equity that seeks to restrain the application to the plaintiff of the same statute that has been

considered, in *Eureka Pipe Line Co.* v. *Hallanan,* just decided, *ante,* 265. Acts of Extraordinary Session, 1919, c. 5. The statute taxes the transportation of natural gas as well as of oil by pipe lines and the plaintiff Gas Company makes the same objection that was made by the Oil Company in the former case to the constitutionality of the act, as well as others that it will not be necessary to discuss. The two cases were heard together and were disposed of in a single opinion by the Supreme Court of Appeals. The Circuit Court of the State held the statute void, but the Supreme Court, as before, upheld it as valid with regard to intrastate business " as above defined " and defined the plaintiff's business as intrastate. The plaintiff drew in question the validity of the statute " as construed and applied," *Merchants' National Bank* v. *Richmond,* 256 U. S. 635, and took this writ of error. It also filed a petition for a writ of certiorari. For the reasons given in the *Eureka Case* the writ of error will be entertained and the petition for certiorari dismissed.

The case was heard upon the pleadings and a stipulation as to facts. It appears that the plaintiff gathers and purchases natural gas, mostly in West Virginia, and distributes it through its pipes which extend to or beyond the state line in various places and also connect with the pipes of other companies that extend beyond the State. The total amount dealt with by the plaintiff in the year ending July 1, 1919, was 54,973,588 M cubic feet of which all but a little over a million M cubic feet was gathered in West Virginia. There were sold directly to consumers in West Virginia 11,590,656 M cubic feet; a little over 10,000,000 M cubic feet to consumers in other States; and the remainder was sold to four connecting companies. It is admitted that the gas sold to one of these, the Ohio Fuel Supply Company, is transported in interstate commerce, so that that may be laid on one side. Another of them is the Columbia Gas & Electric Company. Ninety-

nine per cent. of the gas received by it is carried out of the State and sold, yearly. A third is the Pittsburgh-West Virginia Gas Company which yearly disposes of eighty-eight per cent. of the gas in the same way. The fourth is the Hope Natural Gas Company, which in like manner carries sixty-seven per cent. of the gas bought from the plaintiff out of the State and sells it there.

In short the great body of the gas starts for points outside the State and goes to them. That the necessities of business require a much smaller amount destined to points within the State to be carried undistinguished in the same pipes does not affect the character of the major transportation. Neither is the case as to the gas sold to the three companies changed by the fact that the plaintiff, as owner of the gas, and the purchasers after they receive it might change their minds before the gas leaves the State and that the precise proportions between local and outside deliveries may not have been fixed, although they seem to have been. The typical and actual course of events marks the carriage of the greater part as commerce among the States and theoretical possibilities may be left out of account. There is no break, no period of deliberation, but a steady flow ending as contemplated from the beginning beyond the state line. *Ohio R. R. Commission* v. *Worthington,* 225 U. S. 101, 108. *United States* v. *Reading Co.,* 226 U. S. 324, 367. *Western Union Telegraph Co.* v. *Foster,* 247 U. S. 105, 113. We have mentioned only such facts as are sufficient for our decision, and have not noticed other objections urged against the law. What we have stated seems to us enough to condemn it as applied to this case.

*Decree reversed.*
*Petition for certiorari dismissed.*

MR. JUSTICE BRANDEIS dissents.

MR. JUSTICE CLARKE also dissents as to the jurisdictional question.