# HALLANAN, STATE TAX COMMISSIONER, ET AL. v. EUREKA PIPE LINE COMPANY.

ON PETITION FOR A WRIT OF CERTIORARI AND IN ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF WEST VIRGINIA.

Nos. 569 and 885. Motion to dismiss or affirm, etc., submitted March 12, 1923.—Decided April 9, 1923.

A mandate from this Court reversing a judgment of a state court sustaining a tax here found to have been imposed partly on interstate commerce, leaves the state court free to determine the purely state question whether the statute under which the tax was imposed is separable so that the tax may be sustained in that part which affects only intrastate commerce. P. 397.

Petition for certiorari (No. 569) denied.

Writ of error (No. 885) dismissed.

WRIT of error and petition for certiorari to review a judgment of the Supreme Court of Appeals of West Vir-

ginia, entered after the reversal of the same case by this Court in *Eureka Pipe Line Co.* v. *Hallanan,* 257 U. S. 265.

*Mr. Edward T. England,* Attorney General of the State of West Virginia, *Mr. S. B. Avis, Mr. Fred O. Blue* and *Mr. Wm. Gordon Mathews* for petitioners and plaintiffs in error.

*Mr. Frank L. Crawford* and *Mr. James M. Beck* for respondent and defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is an effort by writ of error, and if that is inappropriate for the purpose, by an application for a writ of certiorari, to review the action of the Supreme Court of Appeals of West Virginia in the judgment which it entered in avowed and attempted compliance with the judgment of this Court in the case on writ of error *sub nomine Eureka Pipe Line Co.* v. *Hallanan,* 257 U. S. 265. It is contended by the state authorities seeking review here that the Supreme Court of Appeals did not enter the judgment required by our mandate and that we should in some appropriate way direct that court specifically what judgment it should enter.

A summary of the litigation must needs be made in order that the controversy may be understood and decided.

The Pipe Line Company filed a bill against the State Tax Commissioner and other state authorities to enjoin them from enforcing a statute of the State which forbade anyone to engage in the business of transporting petroleum in pipe lines without the payment of a tax of two cents for each barrel of oil transported. The Pipe Line Company owned a system of pipe lines by which it transported 22 millions of barrels in the year ending June 30,

1919. Of this, it was admitted that 1,239,000 barrels had their origin in West Virginia, and their destination there, and that the privilege of transporting that amount might be taxed; but it was insisted that the remainder was a stream of interstate commerce, the privilege of conducting which could not be taxed under the commerce clause of the Federal Constitution. The Circuit Court in which the bill was filed and the causes heard held that the remainder was interstate commerce and no privilege tax could be imposed on a pipe line company engaging in it. It conceded that it would be competent for the Legislature to collect a privilege tax for the purely intrastate transportation of the 1,239,000 barrels already mentioned, but it inquired whether the State had done this by the act in question, and said:

" If it can be contended that the tax affects this particular oil it is only incidental to the like tax imposed upon the whole body of oil transported. It is plain the legislature did not mean to distinguish as between the two classes of oil, for the act makes no attempt at a division. We are not able to say from an inspection of the act whether or not the legislature would have imposed the tax upon the privilege of handling this intra-state oil alone, had it been exempting the balance of the oil when framing the law, as we think it should have done. Whether it would have made the tax applicable to the West Virginia oil alone, no one can say; and this we understand to be the test of whether or not the act is divisible. *Eckhart* v. *State,* 5 W. Va. 515; *Robertson* v. *Preston,* 97 Va. 296; *Trimble* v. *Comm.,* 96 Va. 888."

Accordingly the Circuit Court held the whole act bad and granted an injunction against enforcing it against the Pipe Line " in any respect."

On appeal the Supreme Court of Appeals held that the act was to be construed as applying to pipe lines only so far as they were engaged in intrastate commerce, and that

it did not apply to transport of oil in interstate commerce. It held, however, that oil originating in West Virginia, a large part of which was ultimately carried out of the State but the destination of which was undetermined because its owners might withdraw it from the line at any point within the State, was intrastate commerce and was a proper basis for the privilege tax under the law. Accordingly, in so far as the decree of the Circuit Court enjoined collection of a privilege tax measured by intrastate commerce in oil as thus determined, it was reversed. In this Court it was held that oil produced in West Virginia and constituting in fact a stream of oil flowing out of the State was interstate commerce even though those who delivered the oil to the company for transportation might have diverted it from the interstate commerce stream, and though in comparatively small quantities some oil was thus diverted.

Accordingly the decree of the Supreme Court of Appeals was reversed, and the cause was remanded to that court for further proceedings not inconsistent with the opinion of this Court. That court then entered the following decree entitled in the cause:

" Upon an appeal from a decree of the Circuit Court of Kanawha County pronounced on the 8th day of September, 1920.

" The Court, having maturely considered the mandate of the Supreme Court of the United States filed and entered of record in this cause and the record of the decree aforesaid, is of opinion that there is no error in said decree. It is therefore adjudged, ordered and decreed that the decree of the Circuit Court of Kanawha County, pronounced in this cause on the 8th day of September, 1920, be and the same hereby is affirmed."

It is now objected by the representatives of the State that this action of the Supreme Court of Appeals was not in accord with the mandate because it was inconsistent

with the opinion of this Court. In the course of that opinion in stating the facts, it was said (257 U. S. 270):

" But all the oil of the same grade was mixed, regardless of source, and of the Pennsylvania grade only 1,239,099.55 barrels were used in West Virginia. It is admitted that the tax may be levied in respect of the last item, but the question before us is whether the tax can be laid upon the whole product of the State upon which was imposed the gathering charge."

It is said that this language imposed the duty upon the Supreme Court of Appeals of so shaping its decree under our mandate as to enable the State to collect a privilege tax from the Pipe Line Company upon the number of barrels above mentioned. We can not agree with this. The statement quoted from the opinion was part of a review of the facts and a classification of the oil according to its interstate and intrastate character. Both the West Virginia courts and the counsel for both parties agreed that this amount of oil was intrastate commerce and subject to such a privilege tax. But the language quoted was not used to indicate the form of the decree to be entered below. This Court gave no consideration to the question whether the invalidity of part of the tax rendered the whole law void because indivisible, as the Circuit Court had held it to be. That was peculiarly a state question and when we reversed the case for the reason that oil in transport which the Supreme Court of Appeals held to be intrastate and so taxable was interstate and immune, and remanded the case for further proceedings, it was entirely within the power and duty of that court to decide what under the state law would be the effect of the invalidity of part of the tax levied by the law as adjudged by this Court upon the validity of the whole tax law. The Supreme Court of Appeals evidently reached the conclusion that the Circuit Court had been right in deciding that if so much of the tax was invalid, it could

not infer that the Legislature would have enacted the law at all. Accordingly it affirmed the decree of that court as it had full power to do.

*The application for the writ of certiorari is denied and the writ of error is dismissed.*