PEOPLES NATURAL GAS COMPANY *v.* PUBLIC SERVICE COMMISSION OF PENNSYLVANIA ET AL.

THE SAME *v.* THE SAME.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

Nos. 70, 71. Argued October 21, 22, 1925.—Decided April 12, 1926.

1. The transportation of gas in a pipe line from one State to another and its prompt delivery to purchasers at local destinations, is interstate commerce. P. 554.

2. The passing of custody and title at the state boundary without arresting the movement to the destinations intended are minor details which do not affect the essential nature of the business. *Id.*

3. Where local gas, destined for local consumption, is added to a pipe line carrying gas from another State, after it has crossed the state line, the gas to the extent so added is in intrastate commerce and subject to local regulation. P. 554.

279 Pa. 252, affirmed.

ERROR to two judgments of the Supreme Court of Pennsylvania sustaining an order of the Public Service Commission requiring the Gas Company to furnish gas to another company for sale to consumers in a city. See also s. c. 79 Pa. Super. Ct. 560.

*Mr. George B. Gordon,* with whom *Messrs. William W. Smith, Arthur E. Young, Allen T. C. Gordon,* and *S. G. Nolin* were on the brief, for plaintiffs in error.

*Mr. Frank M. Hunter* for defendant in error Public Service Commission of Pennsylvania.

*Mr. J. E. B. Cunningham,* with whom *Messrs. Tillman K. Saylor* and *Spencer G. Nauman* were on the brief, for defendant in error Joseph Cauffield.

*Messrs. David I. McCahill* and *Edward O. Tabor* were on the brief, for defendant in error Johnstown Fuel Supply Company.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

These two cases are practically but one. The matter in controversy is the constitutional validity of an order of the Public Service Commission of Pennsylvania requiring the Peoples Natural Gas Company to continue its prior practice of supplying natural gas to another company at Johnstown for sale to consumers in that city. On successive appeals to the Superior Court and the Supreme Court of the State the Peoples Company challenged the order as directly regulating and burdening interstate commerce and depriving the company of property without

due process of law in violation of constitutional restraints on state action; but both contentions were overruled and the order was sustained. 79 Pa. Superior Ct. 560; 279 Pa. 252. On these writs of error the company relies only on the contention that the order is a forbidden interference with interstate commerce.

The Peoples Company is a public service corporation created under the laws of Pennsylvania and engaged in producing, purchasing, transporting by pipe line, and selling natural gas. It purchases about two-thirds of the gas which it transports and sells from a producing company in West Virginia having pipe lines leading from wells in that State to the boundary between the two States; and it produces the other one-third from its own wells in the southwestern counties of Pennsylvania. It has a system of pipe lines in Pennsylvania which is connected at the state boundary with the lines of the West Virginia company and leads thence to Pittsburgh, Johnstown and other Pennsylvania cities and boroughs where it sells the gas. The gas coming from West Virginia is transported, through the pipe lines as connected at the state boundary, in a continuous stream from the places of production in one State to those of consumption in the other. At the state boundary that gas passes through a registering meter and that point is treated as the place of delivery to the Peoples Company; but the transportation is not interrupted there. The gas from the company's wells in Pennsylvania is fed into the moving stream at different points after it crosses the state boundary. The movement of the stream towards the points of destination is accelerated by means of pumps in Pennsylvania—one near the state line and one remote from it.

The Peoples Company sells directly to consumers at the several places of consumption, other than Johnstown, and there it sells to an independent company, having a local franchise and distributing plant, which sells to con-

sumers. For upwards of ten years the gas sold to that
company was supplied under a contract, but when the
order in question was made the Peoples Company had
exercised a reserved privilege of terminating the con-
tract; and the Commission in making the order pro-
ceeded on the theory that the Peoples Company is a
public service corporation and may be required, irrespec-
tive of the terms of the contract, to continue supplying
gas to the local company and thus to continue its indirect
service to Johnstown consumers. The order does not fix
the rate for this service, but contemplates that it shall
be fixed primarily by a schedule to be filed by the Peoples
Company and shall be subject to supervision by the Com-
mission as respects its reasonableness.

In the state courts the cases had many features which
are immaterial here and need not be noticed.

The Supreme Court of the State in overruling the con-
tention that the order is a forbidden interference with
interstate commerce put its decision on two grounds:
first, that no interstate commerce is involved, and, sec-
ondly, that if such commerce is involved the order is not
a forbidden interference but an admissible exertion of
power which exists in the State in the absence of regu-
lation by Congress under its paramount power. The
first ground of decision was based on two conclusions:
one that, as the West Virginia gas is delivered at the state
boundary and the title passes there, interstate commerce
therein ends at that boundary and the further transporta-
tion and sale in Pennsylvania are in intrastate commerce;
and the other that the gas produced in Pennsylvania and
there fed into the pipe lines is more than sufficient to en-
able the company to comply with the order, and that
when the order is construed in the light of this situation
it does not require that any West Virginia gas be used
in complying with it. Both conclusions are earnestly
challenged by the Peoples Company—the former as de-

parting from the decisions of this Court respecting the nature of transactions in natural gas transported from one State to another, and the other as without an adequate basis in the evidence and treating the Pennsylvania gas, after it is unavoidably commingled with that from West Virginia, as being separable and having a distinct status.

As respects the West Virginia gas we are of opinion, in view of its continuous transportation from the places of production in one State to those of consumption in the other and its prompt delivery to purchasers when it reaches the intended destinations, that it must be held to be in interstate commerce throughout these transactions. Prior decisions leave no room for discussion on this point and show that the passing of custody and title at the state boundary without arresting the movement to the destinations intended are minor details which do not affect the essential nature of the business. *Western Union Telegraph Co.* v. *Foster,* 247 U. S. 105, 112–113; *Public Utilities Commission* v. *Landon,* 249 U. S. 236, 245; *Pennsylvania Gas Co.* v. *Public Service Commission,* 252 U. S. 23, 28; *United Fuel Gas Co.* v. *Hallanan,* 257 U. S. 277, 280–281; *Pennsylvania* v. *West Virginia,* 262 U. S. 553; *Binderup* v. *Pathe Exchange,* 263 U. S. 291, 309; *Missouri* v. *Kansas Natural Gas Co.,* 265 U. S. 298; *Ohio Railroad Commission* v. *Worthington,* 225 U. S. 101; *Lemke* v. *Farmers Grain Co.,* 258 U. S. 50; *Shafer* v. *Farmers Grain Co.,* 268 U. S. 189.

As respects the Pennsylvania gas we think it must be held to be in intrastate commerce only. Feeding it into the same pipe lines with the West Virginia gas works no change in this regard. Of course after the commingling the two are undistinguishable. But the proportions of both in the mixture are known and that of either readily may be withdrawn without affecting the transportation or sale of the rest. So for all practical pur-

poses the two are separable, and neither affects the character of the business as to the other. *Eureka Pipe Line Co.* v. *Hallanan,* 257 U. S. 265; *United Fuel Gas Co.* v. *Hallanan,* 257 U. S. 277, 281. And see *Hallanan* v. *Eureka Pipe Line Co.,* 261 U. S. 393; *Hallanan* v. *United Fuel Gas Co.,* 261 U. S. 398. The Supreme Court of the State has found that more than enough Pennsylvania gas goes into the mixture to meet the requirements of the order, and on this basis has construed the order as leaving the company free to deal in usual course with so much of the mixture as represents the gas from West Virginia. We think the finding has ample support in the evidence, and we accept of course that court's construction of the order. In these circumstances the conclusion is unavoidable, we think, that the order does not interfere with or affect the interstate commerce in which the company is engaged.

Whether the order, if it did apply to gas in such commerce, could be sustained becomes immaterial in view of the conclusion just stated, and therefore need not be considered.

*Judgments affirmed.*