## EAST OHIO GAS CO. v. TAX COMMISSION OF OHIO et al.

### No. 792.

District Court, S. D. Ohio, E. D.

June 24, 1930.

Tolles, Hogsett & Ginn and William B. Cockley, both of Cleveland, Ohio, for complainant.

Gilbert Bettman, Atty. Gen. of Ohio, Lewis F. Laylin and William J. Ford, both of Columbus, Ohio, Special Counsel, for defendants.

Before HICKENLOOPER, Circuit Judge, and HOUGH and NEVIN, District Judges.

PER CURIAM.

The only question for decision in the present case is whether the business of the petitioner, the retail distribution and sale of natural gas in the cities of Cleveland, Youngstown, Akron, etc., is to be regarded as a local and intrastate business subject to the excise tax imposed by General Code, § 5483, or whether such business is so colored by the fact that the gas is brought from West Virginia as to take on the characteristics of, and be classified as, interstate commerce, which, it is conceded, cannot be burdened by an excise tax. U. S. Constitution, art. 1, § 8; Rosenberger v. Pacific Exp. Co., 241 U. S. 48, 50, 36 S. Ct. 510, 60 L. Ed. 880; New Jersey Telephone Co. v. Tax Board, 280 U. S. 338, 346, 50 S. Ct. 111, 113, 74 L. Ed. 463.

The petitioner is an Ohio corporation engaged in selling natural gas to consumers under local franchises from municipalities in the eastern part of that state. Some of its product is produced in the Ohio field, but, for determination of the pivotal question here involved, that fact is immaterial. It is conceded that, as regards the sale of the gas produced in Ohio, the excise tax is applicable. Most of the gas sold by petitioner is purchased from the Hope Natural Gas Company, a corporation under the laws of West Virginia with producing fields located in that state, and is delivered to petitioner by pipe line at the state boundary. It is with the sale of this gas only that we are concerned. It should also be observed that the Hope Natural Gas Company is not taxed by virtue of its sales to petitioner; nor is any excise tax attempted to be laid upon the right to transport such gas from the point of delivery at the state boundary to the point of consumption. The excise tax is computed solely upon gross receipts from sales to local consumers.

It must be conceded that, inasmuch as transportation of whatever goods, from a point of origin in one state to a point of con-

sumption in another state, is interstate commerce, so here the transportation of gas by pipe line from West Virginia to Cleveland is interstate commerce. Such commerce retains its interstate character throughout the entire journey, or for so long as the journey itself is not broken, even though that be to the very burner of the consumer   Pennsylvania Gas Co. v. Public Service Comm., 252 U. S. 23, 40 S. Ct. 279, 64 L. Ed. 434; Illinois Cent. R. R. v. DeFuentes, 236 U. S. 157, 163, 35 S. Ct. 275, 59 L. Ed. 517. The fact that title to the gas passes at the state border is also of no material significance. People's Natural Gas Co. v. Public Service Comm., 270 U. S. 550, 554, 46 S. Ct. 371, 70 L. Ed. 726. Upon these hypotheses it is contended by the petitioner that the proceeds of the sale of the West Virginia gas at the end of its interstate journey must of necessity be receipts arising from interstate commerce, and that the tax cannot be sustained, since it is either "a tax upon appellant's [petitioner's] gross receipts from interstate and foreign commerce or a license fee to be computed thereon." New Jersey Telephone Co. v. Tax Board, supra; Pullman Co. v. Richardson, 261 U. S. 330, 338, 43 S. Ct. 366, 67 L. Ed. 682. This we think to be a non sequitur in the present case.

◼ The petitioner is a public service corporation, exercising rights of eminent domain and occupancy of the public streets. It exercises its franchises only through grant from the state, even though control of such franchise grants is delegated to the municipalities. The tax purports to be, and is, we think, an excise tax; that is, "an impost for a license to pursue certain callings, or to deal in special commodities, or to exercise particular franchises." Maine v. Grand Trunk Ry. Co., 142 U. S. 217, 227, 12 S. Ct. 121, 122, 35 L. Ed. 994; compare, Flint v. Stone Tracy Co., 220 U. S. 108, 151, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. It is neither a property tax nor an attempt at license and regulation under the police powers of the state. But even such an excise tax may not be laid upon the right to engage in interstate commerce, nor measured by the proceeds of sales in such commerce. Galveston, etc., Ry. Co. v. Texas, 210 U. S. 217, 28 S. Ct. 638, 52 L. Ed. 1031. It may, however, be levied upon the right to engage in a purely intrastate public utility business, and, when so levied, the amount of the tax may be measured by the gross receipts from such business. Thus we inevitably return to a determination whether the particular business, the gross receipts from which form the measure of the tax, is truly and essentially a local

and intrastate business, separate and distinct from the elements of intersate commerce collaterally associated with it, for "it is the [interstate] commerce itself which must not be burdened by state exactions which interfere with the exclusive Federal authority over it," not local or intrastate commerce. Baltic Mining Co. v. Massachusetts, 231 U. S. 68, 83, 34 S. Ct. 15, 17, 58 L. Ed. 127. And if the tax be levied upon the right to engage in an essentially local and intrastate public utility business, "it is no objection that the measure of taxation is found in the income produced in part from property which of itself considered is nontaxable." Flint v. Stone Tracy Co., supra, at page 165 of 220 U. S., 31 S. Ct. 342, 354. So here, if the business subject to the excise be essentially local, it is no objection that the tax is measured by income made possible only through the prior transportation of gas in interstate commerce, which commerce may not itself be thus burdened.

◼ So simplified and considered, we are constrained to the opinion that the petitioner's business, which was subjected to the excise tax, was a local or intrastate business which might properly thus be taxed. Public Utilities Comm. v. Landon, 249 U. S. 236, 39 S. Ct. 268, 63 L. Ed. 577; Missouri v. Kansas Natural Gas Co., 265 U. S. 298, 44 S. Ct. 544, 68 L. Ed. 1027. Not only does the language employed by the Supreme Court in these two cases aptly and comprehensively cover the present issue, but all other indicia of the true character of the business point in the same direction. Thus bulk must be considered as broken when the gas passed from the great gas transportation lines into the network of smaller distributing lines, in analogy to the original package doctrine; the interstate journey must be considered as ended when the gas is placed in proper containers, be these tanks or low pressure distribution system, for delivery to local trade, in analogy to the storage cases (Atlantic Coast Line v. Standard Oil Co., 275 U. S. 257, 269, 48 S. Ct. 107, 72 L. Ed. 270); the gas must be considered processed and modified in an essential characteristic when its pressure is so reduced as to make it available for consumers' use, if analogy to the processing of goods, as breaking the interstate journey, be drawn; and, so far as the relationship between the company and consumers is concerned, it makes no difference whatever to the latter whence comes the gas. The trade was essentially local. The transportation of the gas from West Virginia was but a preparation for it. Wagner

v. City of Covington, 251 U. S. 95, 103, 104, 40 S. Ct. 93, 64 L. Ed. 157, 168.

We are not here and now concerned with various questions suggested during oral argument, such as, whether the petitioner's position would be in any wise different had it produced the gas on its own properties in West Virginia, instead of purchasing it; whether any excise tax could be laid directly upon the business of transporting it through the state; the nature and permissible extent of regulation under the police power of the state; or the effect of accepting the total of consumers' meter readings as indicating the gross amount sold to petitioner. These matters all become immaterial when we arrive at the decision of the independence and local character of the business, the gross receipts from which serve as a measure of the tax. The intrastate nature of this business is further emphasized also when we consider that no part of the receipts which serve as such measure is paid from without the state, and no deliveries of gas, with which we are here concerned, are made by the petitioner in another state.

Decree may be presented dismissing the bill for want of equity.