SOUTHERN BUS LINES, INC., *v.* AMALGAMATED ASS'N OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES, et al.

In Banc. Feb. 14, 1949.

(38 So. (2d) 765)

Stevens & Cannada, for appellant.

360

Ben Stevens, and L. Barrett Jones, for appellees.

**Montgomery, J.**

The Southern Bus Lines, a corporation, organized and constituted under the laws of the State of Louisiana, filed its original bill in the Chancery Court of Hinds County, making three labor unions and thirteen individuals defendants, and the thirteen individuals were also made defendants as officers and agents of the respective unions, and as representatives of all the other members of the union, who were made parties defendant under the numerous party rule.

The original bill alleges that the Southern Bus Lines is a certified common carrier of passengers by vehicle in interstate and intrastate commerce in nine states, including the State of Mississippi, and, in addition to carrying passengers, carries baggage, light express, newspapers, and United States mail, and maintains terminals, shops, and stations throughout its system, and such physical properties represent investments of hundreds of thousands of dollars; that this Line is charged with the duty of using every reasonable means to insure continuous and uninterrupted service in those areas where it conducts its operations; that the Bus Company and Local 1127 had a contract providing for bargaining and negoti-

ating, and prior to the expiraton of ths contract, negotiations were begun concerning wage increases for certain employees and concerning other demands made by Local 1127, which negotiations continued until May 20, 1947, when Local 1127 called a strike; that, notwithstanding the strike, the defendant line continued to negotiate, and, on reaching no agreement, notice was served by the Bus Company that after August 20, 1947, applications for employment would be accepted and that the Bus Company would resume operation in an effort to meet its duties to the general public; that Local 1127 has established and is maintaining picket lines around the terminals, garages, office buildings, and other property of the Bus Line in Jackson and in other cities throughout the State, and although none of the complainant's employees were or are members of Local 1208, and no labor dispute existed between complainant and Local 1208, that Local 1208 and its members are acting in confederation and conspiracy with, and are actively aiding and abetting Local 1127, in maintaining its strike and picket activities, and in the other activities mentioned in the bill; that defendants by threats and violence are coercing and intimidating present and prospective employees and their families, and injuring and threatening to injure their persons and property; that by threats and violence defendants have conspired to stop the general public and patrons from using the service of the Bus Line; that defendants have used threats and violence against the officials of the Bus Line, and have damaged and destroyed the Bus Line's property. The bill lists thirty-two separate acts of violence and damage to property, many of which occurred in the City of Jackson—unquestionably within the jurisdiction of the Chancery Court of Hinds County—and many of which occurred at Columbus, Mississippi; and these injuries were both to the personnel of the Bus Line and its properties. There is attached to the bill as Exhibits "A" and "B" photographs of busses which had been mobbed and damaged; that the acts of violence so alleged constitute great and

irreparable injury to complainant and constitute a continued trespass and hazard to the Bus Line property, and the Bus Line has no adequate remedy at law; that unless an injunction is granted bloodshed and possible loss of life will result.

The bill prays for process, for a temporary injunction, and that on final hearing the temporary injunction be made perpetual.

On the filing and presentation of the original bill of complaint, the Chancellor issued a fiat authorizing a preliminary injunction upon the complainant's giving bond to be approved by the clerk, and the injunction was issued as prayed for. The fiat of the Chancellor recited an extreme emergency, and the injunction, therefore, was ordered without notice to the defendants. Thereafter, all of the defendants, by the same counsel, interposed a general demurrer to the bill, and filed a motion to dissolve the temporary injunction. Upon the hearing the Chancellor sustained the general demurrer of the defendants, and the defendants declining to amend, final decree was entered dismissing appellant's bill and dissolving the injunction.

The grounds of the demurrer were: 1. No equity on the face of the bill. 2. The courts of Mississippi have no jurisdiction to issue an injunction in a labor dispute arising out of interstate commerce. 3. The bill does not charge facts showing a conspiracy between the defendants. 4. The alleged acts of violence, if true, are violations of the criminal laws, and a court of equity will not enjoin the commission of a crime. 5. The bill does not charge that the defendants authorized any of the alleged acts of violence. 6. Complainant is seeking to enforce statutes of the United States in the courts of Mississippi and the state court has no such jurisdiction. 7. The bill is not drawn within the purview of the United States statutes, and for that reason the court has no jurisdiction to enforce them. 8. The bill does not charge what property rights have been invaded or need the protection of the injunctive process.

■■ Passing first upon ground 3 of the demurrer, we hold that the bill of complaint meets every requirement as to form laid down by the practice in this state, and there is no merit in this ground. There is no merit in grounds 5, 7, and 8, and it is unnecessary to discuss these grounds. The subject matters contained in grounds 4 and 6 of the demurrer are factors for consideration under grounds 1 and 2. Hence a decision of the points raised under grounds 1 and 2 of the demurrer will be decisive of all questions in the case that merit discussion, and we proceed to a consideration of these grounds.

■■ Does the bill of complaint contain grounds for equitable relief? Unquestionably it does. The right to injunctive relief is supported by the authorities and is a basic ground of the jurisdiction of a court of equity. This is particularly true when it comes to enjoining repeated and continuing trespass to property, where actions at law would entail a multiplicity of suits and where the damages would be irreparable. Stigall v. Sharkey County, 197 Miss. 307, 20 So. (2d) 664; McClendon et al. v. Mississippi State Highway Commission, Miss. 1949, 38 So. (2d) 325. Moss v. Jourdan, 129 Miss. 598, 92 So. 689; Hood v. Foster, 194 Miss. 812, 13 So. (2d) 652.

■■ The use of force, violence, coercion, or intimidation to prevent employees from working for the employer against whom the strike is in operation, or to prevent other workmen from accepting employment from him, is not permisisble and an injunction will be granted to prevent the commission of such acts, and it is immaterial that the strike is for a lawful purpose. It is not necessary that there should have been actual violence or physical assaults, but it is sufficient if threats, abusive language, or other acts amounting to intimidation and depriving those against whom the acts were directed of the power to exercise their own will in determining whether or not they should work, were used. 43 C. J. S., Injunctions, Sec. 147(e), page 747.

■■ The fact that such unlawful acts are violations

of the criminal law makes no difference. In State ex rel. Rice v. Allen, 180 Miss. 659, 177 So. 763, this Court held that though equitable action is never predicated on the prevention of crime, as such, it is also true that the fact that the conduct is punishable criminally does not constitute an adequate remedy so as to bar equitable relief.

■■ Private persons cannot conspire to illegally destroy the business of another, and where two or more persons conspire together, the conspiracy makes the wrongful acts of each the joint acts of all of them. Globe & Rutgers Fire Ins. Co. v. Firemen's Fund Ins. Co. et al., 97 Miss. 148, 52 So. 454, 29 L. R. A. (N. S.), 869; State ex rel. Rice v. Hasson Grocery Co., 177 Miss. 204, 170 So. 234, 107 A. L. R. 663.

In Mississippi Theatres Corporation et al. v. Hattiesburg Local Union No. 615, 174 Miss. 439, 164 So. 887, this Court held that an unincorporated labor union may seek injunctive relief against an employer in labor disputes, and that the right to an injunction is available to either side in proper cases. This case also holds that a labor union has the right to discipline its members and control their conduct, and has the right to speak for them. See also Stephenson v. New Orleans & Northeastern Railroad Company et al. 180 Miss. 147, 177 So. 509; Franklin Union No. 4 v. People, 220 Ill. 355, 77 N. E. 176, 4 L. R. A. (N. S.), 1001, 110 Am. St. Rep. 248.

■■ While such is the law, it is equally true that, upon the members of Local 1127, either singly or in a body, leaving the employment of the Southern Bus Lines, Inc., the company had the right to employ other persons in their places, and if Local 1127, its officers and members, agreed together that by calling a strike, and by force, threats, intimidation, and picketing, they would prevent the members of said association from employing other persons in their places, then they entered upon an unlawful undertaking, the carrying into effect of which might be enjoined by a court of chancery. Franklin Union No. 4 v. People, 220 Ill. 335, 77 N. E. 176, 4 L. R. A., N. S., 1001, 110 Am. St. Rep. 284. The bill in

this case charges the fact to be that Local 1127, Local 1208, and all the other defendants are maintaining picket lines around the terminals, garages, office buildings and other property of complainant, and that Local 1208, and its members, are acting in concert, confederation and conspiracy with, and are actively assisting and abetting in maintaining the strike, and that the defendants by threats and violence are coercing and intimidating prospective employees and their families, and are threatening injury to the persons and property of present and prospective employees; and in Paragraph 10 of the bill it is positively charged that all of these defendants have conspired together to unlawfully, and by means of violence, prevent and stop the general public from using the Company's services. These acts are unlawful.

 █ Peaceful picketing is a lawful act. Mass picketing, which is the use of a large number of pickets, is not peaceable picketing, is illegal, and entitles the one being picketed to resort to equity and obtain an injunction. Lilly Dache, Inc. v. Rose, Sup., 28 N. Y. S. (2d) 303; Western Electric Company v. Western Electric Employees Ass'n, 137 N. J. Ed. 489, 45 A. (2d) 695; United States Electrical Motors, Inc. v. United Electrical Radio and Machine Workers, etc., Cal. Super., 166 P. (2d) 921; General Electric Company v. Peterson, Sup., 61 N. Y. S. (2d) 813.

When any individual or organization under whatsoever name attempts to use force to gain his or her ends, they are attempting to usurp a governmental function. When a picket line becomes a picket fence, it is time for the government to act. Carnegie-Illinois Steel Corporation v. United Steelworkers of America, 353 Pa. 420, 45 A. (2d) 857.

The bill in this case alleges facts sufficient to invoke the jurisdiction of a court of equity and obtain from it injunctive relief, unless such court is precluded because the strike involves interstate, as well as intrastate, commerce.

This brings us to the consideration of the second

ground of demurrer, wherein it is urged that the state court has no jurisdiction to issue an injunction in a labor dispute arising out of interstate commerce.

■■ May we point out that the appellant is a duly certified common carrier of passengers by motor vehicle in intrastate commerce, as well as interstate, and has large investments in properties in this state, necessary for a large network of operations in Mississippi. Intrastate, as well as interstate, commerce is involved in this action. Such is the clear and unequivocal allegation of the original bill. But, aside from that question, there can be no doubt as to the jurisdiction of a state court of equity to protect appellant in its property rights and prevent, through force, intimidation and violence, irreparable injury to persons and property. The reports abound in injunction suits growing out of labor disputes, and many of them arise as an incident to interstate commerce.

No one should doubt that the State of Mississippi, through its courts by the injunctive process, can protect persons and properties in this state from damage by violence and from fear through threats and intimidation. Acts, which in isolation are peaceful, become part of a coercive thrust when entangled with acts of violence. The picketing in this case is alleged to have been set in a background of violence. In such a setting, it can be justifiably concluded that the momentum of fear generated by past violence would survive even though future picketing might be wholly peaceful. Nor was it written into the Fourteenth Amendment that a state, through its courts, cannot base protection against future coercion on an inference of the continuing threat of past misconduct. These acts of violence, as charged, were neither episodic nor isolated. Judges need not be so innocent of the actualities of such an industrial conflict as to find in the Constitution, state or federal, a denial of the right of Mississippi to conclude that the use of force was not the conduct of a few irresponsible outsiders. The Fourteenth Amendment still leaves the state ample discretion

in dealing with manifestations of force in the settlement of industrial conflicts. Milk Wagon Drivers Union of Chicago, Local 753, v. Meadowmoor Dairies, 312 U. S. 287, 61 S. Ct. 552, 85 L. Ed. 836, 132 A. L. R. 1200.

Neither does the Norris-LaGuardia Act, 29 U. S. C. A. Sec. 101 et seq., nor the National Labor Relations Act, 29 U. S. C. A. Sec. 151 et seq., prohibit the institution, by either party involved in a controversy of this character, of proceedings in a state court; nor do they place exclusive jurisdiction in federal courts. The Norris-LaGuardia Act curtailed only the equity jurisdiction of the federal courts in the field of labor disputes, and has no application to the equity courts of the state. Milk Wagon Drivers Union, Local No. 753 v. Lake Valley Farm Products, 311 U. S. 91, 61 S. Ct. 122, 85 L. Ed. 63; 1939, 39 Op. Atty. Gen. 242, 246; United Electrical, Radio and Machine Workers of America v. Westinghouse Electric Corporation, D. C., 65 F. Supp. 420; Wisconsin Labor Relations Board v. Fred Rueping Leather Company, 228 Wis. 473, 279 N. W. 673, 117 A. L. R. 398; International Ass'n of Machinists v. State ex rel. Watson, 153 Fla. 672, 15 So. (2d) 485; Markham & Callow, Inc. v. International Woodworkers of America, 170 Or. 517, 135 P. (2d) 727; Park & Tilford Import Corporation v. International Brotherhood of Teamsters, etc., Cal. Sup., 155 P. (2d) 16.

The National Labor Relations Act does not preempt all state control, nor more specifically the state police power. United Electrical, Radio and Machine Workers of America v. Westinghouse Electric Corporation, supra; Hill v. Florida, 325 U. S. 538, 65 S. Ct. 1373, 89 L. Ed. 1782; Brown v. Coumanis, 5 Cir., 135 F. (2d) 163, 146 A. L. R. 1241.

The appellee relies on the commerce clause of the Constitution, article 1, Sec. 8, as in some way operating to commit to the federal courts, and to withhold from the state courts, jurisdiction of all suits relating to the regulation, or attempted regulation, of interstate commerce. This view of that clause is quite inadmissible.

It has no support in any quarter, and is at variance with the actual practice in this class of litigation. Gibbons v. Ogden, 9 Wheat. 1, 6 L. Ed. 23; Western Union Tel. Co. v. Foster, 247 U. S. 105, 38 S. Ct. 438, 62 L. Ed. 1006, 1 A. L. R. 1278; Pennsylvania Gas Co. v. Public Service Commission, 225 N. Y. 397, 122 N. E. 260, Id., 252 U. S. 23, 40 S. Ct. 279, 64 L. Ed. 434; People's Natural Gas Co. v. Public Service Commission, 270 U. S. 550, 46 S. Ct. 371, 70 L. Ed. 726; Public Utilities Commission v. Attleboro Steam & Electric Co., 273 U. S. 83, 47 S. Ct. 294, 71 L. Ed. 549; Murray v. Chicago & N. W. R. Co., C. C., 62 F. 24, 42, 43. The state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts. Grubb v. Public Utilities Commission, 281 U. S. 470, 50 S. Ct. 374, 74 L. Ed. 972, and numerous authorities therein cited.

We are of the firm conviction that under the law Liberty includes the right to make and enforce contracts, because the right to make and enforce contracts is included in the right to acquire property. Labor is property. To deprive the laborer and the employer of this right to contract peaceably with one another is to violate the Fifth and Fourteenth Amendments of the Constitution of the United States, which provide that no persons shall be deprived of life, liberty, or property without due process of law, and that no state shall deprive any person within its jurisdiction the equal protection of the law. Freedom of speech and freedom of the press, out of which grows the right to peacefully picket, cannot be too often remembered and invoked as basic to our scheme of society, but these liberties will not be advanced, nor can we even maintain them if we deny to the states, including the instrumentalities of their courts, the power to deal with coercion due to extensive violence. The Chancery Court of Hinds County had ample power and full jurisdiction to deal with and ad-

judicate the issues tendered by the original and amended bills of complainant filed in this cause, and the learned Chancellor erred in sustaining the demurrer and the motion to dissolve the injunction and, because of this error, the decree of the lower court will be reversed and the cause remanded.

Reversed and remanded.