(No. 14888.—Judgment affirmed.)

THE ILLINOIS BELL TELEPHONE COMPANY, Appellant, *vs.*
THE COMMERCE COMMISSION *et al.* Appellees.

*Opinion filed December 19, 1922.*

PUBLIC UTILITIES—*mandamus is proper remedy to compel Commerce Commission to make a finding of reasonable rates—injunction.* While the Commerce Commission has no authority to establish rates in the first instance, it is its duty to make a finding as to what rates are reasonable when it rejects the schedule submitted by a public utility, and the public utility may enforce the performance of this duty by *mandamus* but cannot resort to a court of equity to enjoin any interference by the commission with the charging or collecting of the rates scheduled.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding:

CUTTING, MOORE & SIDLEY, (PHILIP BARTON WARREN, and WILLIAM DEAN BANGS, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, and ALBERT D. RODENBERG, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the Illinois Bell Telephone Company, filed in the circuit court of Sangamon county its bill of complaint in this case to enjoin the appellees, the Commerce Commission, the members of the commission and the Attorney General, from commencing any suit or proceeding at law or in equity to enforce the provisions of the Public Utilities law against appellant, its officers or employees, by reason of the appellant charging or collecting the schedule of rates filed with the Public Utilities Commission on April 1, 1920, for local telephone service in the city of Momence

and vicinity, or from doing or performing any act or acts which would prevent or tend to prevent the appellant from charging or collecting said schedule of rates. The defendants filed a general demurrer, which was overruled, and having elected to stand by their demurrer and refusing to plead further, the court entered a decree as prayed for in the bill of complaint. The Commerce Commission appealed to this court, and the cause was transferred to the Appellate Court for the Third District. (*Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468.) The Appellate Court reversed the decree and granted a certificate of importance and an appeal to this court.

The facts alleged and admitted for the purpose of the demurrer are as follows: The complainant is a corporation owning and operating a telephone system, and among other local telephone exchanges owns and operates an exchange situated in the city of Momence. On April 1, 1920, the Central Union Telephone Company, which then owned and operated the exchange, filed with the Public Utilities Commission a schedule of rates to be effective May 1, 1920, for local telephone service in Momence and vicinity. On April 19, 1920, the Public Utilities Commission entered an order suspending the effective date of the rates scheduled until August 29, 1920, and on July 28, 1920, the commission again suspended the effective date of such rates until February 26, 1921. A hearing was held on the rates scheduled on July 1, 1920, and the hearing was continued without date pending an investigation. On or about December 1, 1920, the complainant acquired the Momence exchange from the Central Union Telephone Company, and on December 7, 1920, it was substituted in the proceedings for the Central Union Telephone Company. On February 18, 1921, the Public Utilities Commission entered an order purporting to extend the period of suspension of the rates to August 26, 1921. On March 3, 1921, a hearing was held before the Public Utilities Commission, at which the complainant en-

tered its appearance without prejudice to any right it had by reason of the order of February 18, 1921, and at the conclusion of the hearing the matter was taken under advisement.  On July 28, 1921, the Commerce Commission, which had succeeded the Public Utilities Commission, made an order purporting to re-suspend the effective date of the rates until February 23, 1922, and on October 31, 1921, the commission made an order purporting to permanently suspend, annul and cancel the rates scheduled, filed with the commission.  Neither the Public Utilities Commission nor the Commerce Commission entered any order at any time or made any finding whether the rates scheduled were just and reasonable or not or what would be just and reasonable rates.

The bill contained conclusions of law upon which the complainant founded its application for the injunction, and those conclusions sought to be maintained in this court are, that a public utility has plenary power to make rates for the service which it offers to the public, subject only to the condition that its rates be just and reasonable; that the Commerce Commission has no power to alter such rates except upon finding them to be unjust and unreasonable; that the commission has no power to suspend the taking effect of proposed rates beyond 120 days, plus six months; that the commission having exhausted its power to suspend the effective date of the rates filed and not having found them unjust and unreasonable, the rates filed became the legal rates at the expiration of the statutory period and were the lawful rates for the service rendered.

The questions so presented and argued were considered in a similar case, where it was held that the commission has no authority to make rates in the first instance but that right lies with the utility; that to prevent unjust discrimination, undue preferences and extortionate rates and charges the Commerce Commission is charged with the duty of establishing just, reasonable and uniform rates, and that

on a hearing it is the duty of the commission to establish the rates or the charges, classifications, contracts, practices, rules or regulations proposed, in whole or in part, or others in lieu thereof which it shall find to be just and reasonable. (*Bell Telephone Co.* v. *Commerce Com.* 304 Ill. 357.) The statute gives the public utility the right to apply for a rehearing, and upon a denial of what it conceives to be its right an appeal to the circuit court. If the commission makes no finding whether the proposed rates are just and reasonable and fails or refuses to establish rates, the remedy by *mandamus* is clear, certain and adequate to compel the performance of the duty imposed by the law. In either event there is no ground for interference by a court of equity where no other ground of equity jurisdiction exists.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*