HENDERSON WATER COMPANY *v.* CORPORATION COMMISSION OF NORTH CAROLINA ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NORTH CAROLINA.

No. 249. Argued November 18, 1925.—Decided December 14, 1925.

Where a water company, bound to maximum rates by its contract with a city, applied to a state commission and secured an order

allowing an increase, but only one-half of that asked for, with the right, however, to apply for further relief at the end of a test period, the company, after making the test, must exhaust its remedy with the commission before suing in the District Court to enjoin enforcement of the rates as confiscatory. P. 280.

Affirmed.

APPEAL from a decree of the District Court refusing a temporary injunction in a suit to restrain water rates, on the ground of confiscation.

*Mr. J. H. Bridgers,* for appellant.

*Messrs. Bennett Hester Perry* and *T. T. Hicks,* for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is an appeal under § 266 of the Judicial Code from an order refusing a temporary injunction heard before three judges. The Henderson Water Company is the owner by assignment of a franchise to furnish to Henderson, North Carolina, a supply of water. The franchise, with a term of forty years, was granted in 1892 by the city, when it was a town, to certain grantees, from whom it came in 1894 to the Water Company, which was complainant below, and is appellant here. The ordinance provided a schedule of prices for water to be furnished beyond which the grantee could not go. Later the State of North Carolina created a Corporation Commission, having power to fix rates for public utilities of the State. 1919 Consol. Stats. of North Carolina, §§ 1066, 1097–1103, 2783, 1037.

On September 27, 1922, the complainant filed with the Corporation Commission a petition setting forth the original cost of construction of its plant, the amount expended in permanent improvements, and the earning capacity of the same under the schedule of rates provided in the fran-

chise, and, because of the alleged inadequate return from them, asked the Corporation Commission to grant to it the right to charge rates higher by 10 per cent. The Commission heard the complaint, and March 29, 1923, ordered an increase of about one-half that asked for, to take effect July 27, 1923, with the direction that after the corporation had tried the rates fixed for six months, it might apply again for such relief as the results would justify.

The end of the six months' test proposed was January 27, 1924. Without applying again to the Commission, the Water Company, on February 22, 1924, filed this bill to enjoin the Commission from continuing to enforce the rates fixed by the order made in the spring of 1923. on the ground that they were confiscatory.

Meantime, the city of Henderson had brought suit against the Commission, to which the Water Company was not a party, to enjoin the Commission from fixing rates different from the rates stipulated in the franchise, on the ground that its contract rights were being violated. In that action the city of Henderson was defeated in the court of first instance, and in the Supreme Court of North Carolina on appeal. *Corporation Commission* v. *Henderson Water Co.,* 190 N. C. 70. See also *Corporation Commission* v. *Cannon Mfg. Co.,* 185 N. C. 17, 25; *Southern Public Utilities Co.* v. *City of Charlotte,* 179 N. C. 151.

The District Court puts refusal to grant the injunction in the present case on the ground that the complainant had not sufficiently exhausted its remedies before the Corporation Commission. We think the District Court was entirely right in this.

It is urged on behalf of the Company that it has a constitutional right to try the question whether it is suffering confiscation and should not be denied that right, even during such a test as six months. It relies on *Oklahoma Natural Gas Company* v. *Russell,* 261 U. S. 290. In that

case a public utility corporation sought an injunction to prevent the enforcement of an alleged confiscatory rate, pending an appeal from the court of first instance in Oklahoma to the state Supreme Court, in a proceeding in which both the court of first instance and the Supreme Court were exercising the legislative function of fixing rates. The complaint was that plaintiffs were suffering daily from confiscation under the rate to which they were limited by the state commission, and that even if the state Supreme Court changed the rate thereafter on appeal they would have no adequate remedy for their losses before the court acted. They had applied to the Supreme Court for a supersedeas, but it had been denied. This Court held that comity must give way to constitutional right, and that the Gas Company was entitled to a hearing on its application for an injunction without awaiting the action of the state court. In the case of *Prentis* v. *The Atlantic Coast Line Company,* 211 U. S. 210, 231, on the other hand, a state commission of Virginia fixed rates for a railway and an appeal was taken under the statute to the Supreme Court of the State which had power legislatively to fix or change rates. A bill was filed by the Railway to restrain the rates fixed by the commission before the appeal had been perfected and passed on. The company had made no effort to secure a revision and there had been no present invasion of its rights under the order of the state commission but only the taking of preliminary steps toward cutting the rates down. So this Court directed the bill in that case to be retained until the result of the appeal to the Supreme Court if the company saw fit to take it.

The present case differs from the cases cited, in that when the Water Company applied to the Corporation Commission for an order increasing rates, it was bound by the terms of a contract with the city contained in its franchise, to furnish water at a low schedule of rates fixed

therein. It was not entitled to any judicial relief from this situation, however inadequate the rates. *Columbus Railway Company* v. *Columbus,* 249 U. S. 399; *Public Service Company* v. *St. Cloud,* 265 U. S. 352. Only by securing the waiver of the franchise rates by order of the Corporation Commission speaking for the State, did the Water Company have any standing to ask for a fixing of rates in excess of the franchise rates. *Trenton* v. *New Jersey,* 262 U. S. 182. It was, therefore, plainly within the power and discretion of the Commission after granting partial relief to delay further action in the same proceeding until it could satisfy itself by actual trial to what extent its waiver should go. No constitutional rights of the Water Company to be protected against confiscation would be infringed by such reasonable delay.

We concur with the District Court in the view that the Water Company should have applied for a resumption of the hearing after the test and exhausted its remedy there before a resort to this suit.

*Affirmed.*