(No. 6208.. November 22, 1934.)

MOUNTAIN VIEW RURAL TELEPHONE COMPANY, a Copartnership, Respondent, v. INTERSTATE UTILITIES COMPANY, a Corporation, STANDARD TELEPHONE COMPANY OF ILLINOIS, a Corporation, and INTERSTATE TELEPHONE COMPANY, a Corporation, Appellants.

[38 Pac. (2d) 40.]

Chas. P. Lund and Richards & Haga, for Appellant Interstate Telephone Company.

Hawkins & Hawkins, for Respondent.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Public Utilities Commission.

WERNETTE, J.—July 2, 1932, respondent filed with the Public Utilities Commission of the state complaint and petition against the defendants, complaining of increase in rates and charges, alleged to be in violation of both oral and written agreement, as well as in violation of law.

Thereafter the Interstate Telephone Company (hereinafter designated as company), as successor to the Interstate Utilities Company, filed an answer to the complaint and petition.

Prior to the hearing before the commission, various complaints and protests were filed by numerous other companies and corporations, all of whom occupied somewhat the same position as the original complainant, and all being non-profit (and in most cases unincorporated) associations or organizations.

The various complaints, petitions and protests so filed were considered jointly by the commission in what is designated as Case No. F–980. .

Thereafter, at various times, by order of the commission, hearings were had, during which the evidence was introduced by the different parties interested.

After the hearing was completed, and on September 19, 1934, the commission entered its findings and order numbered 1526, reading in part as follows:

Finding No. 40: "40. That a rate or charge of $4.00 per annum per phone, payable one-half thereof semi-annually in advance, for the class of exchange service under consideration, rendered to such class of consumers who own, maintain and operate, at its or their own cost and expense its or their said privately owned lines and equipment, is hereby held and found to be a just, fair, reasonable and non-discriminatory rate for said service.

"ORDER:

"WHEREFORE, by reason of the law, premises and findings aforesaid, IT IS ORDERED, That the rate set out and contained in Finding No. 40 hereof, be and the same is hereby fixed, approved, justified and established as the rate for said class of exchange service to be charged by said Interstate Telephone Company.

"IT IS FURTHER ORDERED, That the said Finding No. 40, be, and the same is hereby, referred to and by reference made a part of this order.

. . . . . . . . . . - .

"IT IS FURTHER ORDERED, That any of said complainants and protestants herein whose said 'locally owned lines' and individually owned lines have heretofore been disconnected from any exchange of either the said Interstate

Telephone Company or its predecessor in interest, shall upon complying with the provisions of this Order be entitled to have their said line or lines reconnected; and in the event of such compliance with the provisions of this order, as aforesaid, that then and in that event the said Interstate Telephone Company shall, and it is hereby ordered to reconnect such line or lines.

"IT IS FURTHER ORDERED, That said Interstate Telephone Company shall within twenty days from date of service hereof, file with this commission a supplemental schedule of rates for the said class of exchange service rendered to the class of consumers herein defined and dealt with in all respects in conformity with this order.

. . . . . . . . . . ,,

Thereafter the company filed its petition before the commission for rehearing, which was duly heard and by order denied.

On October 9, 1934, the company appealed from said order. The transcript of the record before the commission was filed in this court October 24th. On October 9th, the company served on opposing counsel and filed in this court notice that on October 13, 1934, it would apply for an order staying and suspending said Order No. 1526.

By order, on October 13th, this court continued the hearing on the application for stay to October 25th. Also issued a temporary restraining order suspending the order of the commission pending the hearing, conditioned that the company file a sufficient bond, in the sum of $2,000, and providing further that all moneys collected by the company in excess of the amount authorized to be charged and required to be paid under the order of the commission be impounded, as provided by section 59–637, I. C. A.

The bond and restraining order were filed October 15th. On October 19th, the company served on opposing counsel and filed in this court a petition for stay of said Order No. 1526, pending the determination of the appeal. Accompanying said petition, and in support thereof, were the affidavits of C. C. Lester and C. E. Hoy.

On October 23d, the commission filed an objection to hearing the application for stay, on the ground that copies of moving papers were not served with the said notice filed October 9, 1934.

The matter was heard before this court on October 25th, on the objection to the hearing, and petition for stay.

As to the objection to the hearing on the application for stay, it is contended by the commission that by reason of the fact that the appellant failed to serve the moving papers on which it relied at the time it served the notice, as required by section 12–403, I. C. A., that therefore this court has no right or authority to hear or consider the application. The commission cites sections 59–632 and 12–403, I. C. A., in support of its contentions. Section 59–632 reads as follows:

"The provisions of the code of civil procedure relative to the appeals from the district court, except in and so far as they are inconsistent herewith, shall apply to appeals from orders of the public utilities commission."

That portion of section 12–403 pertaining to notice of motion contended to be applicable is as follows:

" . . . . Copies of all the moving papers, except records of the court and filed in the action, must be served with the notice or with an order to show cause. . . . . "

No moving papers were served on opposing counsel at the time the notice was served by the appellant on October 13th, and the application or petition for a stay or suspension of the order, together with the affidavits of Lester and Hoy, in support thereof, were not served until October 19th. At the time of the argument, the attorneys for the commission admitted in open court that the commission was in no way prejudiced on account of such failure of service, and also did not desire to have any additional time to prepare for any issues raised by such moving papers. We do not believe that the contention made by the commission has any merit.

Section 59–633, I. C. A., reads as follows:

"Stay of Order—Notice. No court of this state shall enjoin or restrain the enforcement of any order of the commission or stay the operation thereof, unless the applicant for such writ shall give three days' notice of such application to all adverse parties and to the commission. On the hearing of such application, the applicant shall present to the court a transcript of the proceedings had before the commission, including the evidence, and such transcript shall be considered by the court in determining the applicant's right to an injunction, restraining order or other order suspending or staying the operation of the order or decision of the commission, and if an injunction, restraining order or other order suspends or stays the order of the commission as issued, such order shall contain a specific finding based upon the evidence submitted to the court and identified by reference thereto that great and irreparable damage would result to the petitioner and specifying the nature of the damage."

Said section must be read and considered in conjunction with section 12–403, I. C. A. A careful reading of section 59–633 clearly indicates that the hearing before the court is to be had upon the transcript of the proceedings had before the commission, including the evidence, and not upon affidavits or showing made, which are no part of such record. Therefore, the affidavits of C. C. Lester and C. E. Hoy cannot be considered. The section expressly provides that the transcript shall be considered by the court in determining the applicant's right to a stay order, and if an order is issued, suspending or staying the order of the commission, a specific finding has to be made by the court, based upon the evidence submitted to the court by the transcript, and identified by reference thereto, with regard to the irreparable damage that would result in the event the order of the commission were not stayed, clearly indicating that whatever decision is made by the court is to be based entirely upon the evidence and record before the commission. The statute

does not require that a copy of the proceedings and evidence before the commission be served with the notice.

The cases cited by the commission are readily distinguishable, and are not applicable to a situation as we have here. Therefore, in view of what has been said, the objection to the hearing is overruled.

 Our statute expressly provides that no order can be made by the court staying or suspending an order of the commission, unless the record shaws that great and irreparable damage would otherwise result to the petitioner. (Sections 59–636 and 59–633, I. C. A.) In that regard, the appellant makes the following allegations in its petition for stay:

"That if a stay of said order is not made by the Supreme Court of the State of Idaho, said Interstate Telephone Company, appellant, will suffer immediate and irreparable damage, for which it cannot be compensated because it will be necessary to change its system of accounts and billing to users of telephone service of the class involved and defined by said Order, in that the users of telephone service will be billed at reduced rate; that such users are located at distant and isolated points over a wide territory in Northern Idaho, and should said order thereafter be reversed or modified it would be necessary to collect an increased rate and in numerous cases it would be difficult for said Company to contact said user, and if legal proceedings became necessary there would be a multiplicity of suits over a small sum, with expense and costs to the Company entirely disproportionate to the amount involved. In a great many cases, also there is grave doubt whether or not collection might be made by legal process.

"Moreover it is important for a utility to maintain cordial and satisfactory relations with its customers, and the establishment of the $4.00 per annum rate, which would thereafter be increased, will result in strained relations between the Company and its telephone users, all of which may be avoided if the rate is not put into effect until the appeal is determined."

Section 59–638, I. C. A., provides:

"Stay of order on appeal—Accounts pending final decision. In case the court stays or suspends any order or decision lowering any rate, fare, toll, rental, charge or classification, the commission, upon the execution and approval of said suspending bond, shall forthwith require the public utility affected under the penalty of the immediate enforcement of the order or decision of the commission (pending the review and notwithstanding the suspending order) to keep such accounts verified by oath, as may in the judgment of the commission suffice to show the amounts being charged or received by such public utility, pending the review, in excess of the charges allowed by the order or decision of the commission, together with the names and addresses of the corporations or persons to whom overcharges will be refundable in case the charges made by the public utility, pending the review, be not sustained by the court. . . . . "

In view of the provisions of said section, there is no merit in the contention that the company will have to change its system of accounts and billing to users, to its irreparable damage, for even though the order is stayed or suspended, it will be required to keep a separate set of accounts, and it will require as much, if not more, bookkeeping with reference to the separate accounts than it would if the order is not suspended. Consequently, the company would not be injured. Nor do we consider that the company would be irreparably damaged on account of the strained relations between the company and its telephone users in the event the rate established by the commission would not be sustained by the court. From the record, it now appears that the relations are strained almost to the breaking point, and it is rather far-fetched to conclude that if this court should ultimately decide that the commission was wrong and that the company was right with reference to its rates that the bad feeling between the telephone company and its users would be any worse.

■ There is, however, merit in the contention of the company that it would suffer irreparable damage for the reason that the telephone users are located at distant and widely separated points in Northern Idaho and in the event of a reversal or modification of the order it would be necessary to collect an increased rate; that in numerous cases it would be difficult to contact such users; and if legal proceedings became necessary, there would be a multiplicity of suits over small sums, with expense and cost to the company entirely disproportionate to the amount involved, and in many cases grave doubt as to collection.

It must be remembered that these rural telephone companies involved, with one or two exceptions, are neither copartnerships not corporations, but merely voluntary associations for the benefit of the individuals composing the same. Generally speaking, such companies have no standing in court as such—they cannot sue or be sued. There are twenty-one such companies involved in this litigation as complainants, and in each company there are from a few to a considerable number of telephone users involved. The evidence discloses that these telephone users are scattered over a large area in the rural districts of Northern Idaho. In the event the company should be successful on its appeal so that the order of the commission would be reversed or modified, then it would become necessary for the company to collect from the individual users the difference between the $4 per annum rate, payable semi-annually, and the rate held legal on appeal. Such amounts would be past due for services rendered, and it is quite probable that in some instances, at least, the same could not be collected by legal process. In view of the strained relations now existing between the company and the telephone users, it might require the bringing of a large number of actions for comparatively small sums, with considerable expense to the company, as the company might be required to look to each individual user, with few exceptions, to collect the amount due. Where so many people are involved, some may die and others may move before this matter is determined,

thereby making collection more difficult, expensive and uncertain. These facts appear from the evidence of nearly every witness.

Respondents argue very strenuously that the appeal taken by the appellant is a limited one, made so by statute, section 59–629, I. C. A., and that it has absolutely no justification or legal grounds for appeal, and for that reason there should be no stay. This case is not before us on its merits at the present time, but merely on a preliminary question. We must assume that the appellant may be successful on its appeal, although ultimately that might not be the case, but, assuming that it is successful, would it suffer irreparable damage if a stay of the commission's order is not granted? The appellant has the right to have this court pass on the merits of this appeal at the proper time, and we have no right now to say that the appeal has no merit, before the hearing on appeal, in order to determine whether a stay of the order should be allowed. We feel that the facts as disclosed by the evidence on the only issue that is before us now to be passed on, show that the company would suffer irreparable damage in the event the order is not stayed.

Sections 59–633, 59–635 and 59–636, I. C. A., clearly contemplate that a stay or suspension of the commission's order should be granted if great or irreparable damage would otherwise result. The granting of the stay may cause some hardship to the telephone users, but they are amply protected by the provisions of sections 59–637 and 59–638, I. C. A.

While not passing on the question as to the right of the legislature to dictate to this court the preference this case should have on the calendar, as provided by section 59–639, I. C. A., in view of the fact that the case is practically at issue, we see no reason why this case cannot be heard on appeal at an early date, thereby reducing the hardship to the telephone users to a minimum in the event the company is not successful on appeal.

It is therefore ordered that the ''Order Staying Proceedings Under Order of Commission'' made and filed by this

court on October 15, 1934, be, and the same is hereby, continued in full force and effect until the further order of this court.

Budge, C. J., and Givens and Morgan, JJ., concur.

Holden, J., did not sit at the hearing, and took no part in this opinion.