215 P.2d 291

**JOY et al. v. WINSTEAD, District Judge.**

No. 7574.

Supreme Court of Idaho.

Feb. 22, 1950.

234

Robert E. Smylie, Attorney General, J. N. Leggat and Don J. McClenahan, Assistant Attorneys General, Boise, for plaintiffs.

Carey H. Nixon, Boise, and J. H. Shepherd, of Akolt, Campbell, Turnquist &

236

Shepherd, Denver, Colo., for defendant and Mountain States Telephone & Telegraph Co.

GIVENS, Justice.

May 14, 1948, the Mountain States Telephone and Telegraph Company applied to the Public Utilities Commission for increased rates. Hearing, commenced on August 2, was completed September 29 and March 25, 1949, only 10% of the requested increases was granted, effective April 18.

April 7, the Company sought an injunction based on allegations of deficiencies, insufficiencies and inadequacies of the Commission's findings to support the order allowing only a 10% increase, and that such 10% increase was inadequate and confiscatory, violative of due process and the Federal and State Constitutions and unless the Company be allowed to collect the full rates requested, it would suffer irreparable loss. This pleading was sufficient as a prima facie showing to invoke equity. Public Service Commission v. Indianapolis Rys., Inc., 225 Ind. 30, 72 N.E.2d 434, at page 439; Prendergast v. New York Telephone Co., 262 U.S. 43, 43 S.Ct. 466, 67 L.Ed. 853; Sprague v. Biggs, 390 Ill. 537, 62 N.E.2d 420, at page 425.

April 16 the defendant, District Court, issued an injunction, the effect of which authorized charging, collecting and impounding under the protection of a $100,000 bond consonant with Sections 61-633, 634 and 637, I.C., the full increases initially sought; the Court retaining jurisdiction to make such further orders as might appear appropriate, and: "(4) It is further ordered that the permanent injunction, if and when issued, will contain a provision stating that neither said permanent injunction nor any of the proceedings in this matter, shall in anywise be construed as restraining or interfering with the defendants, the Public Utilities Commission of the State of Idaho and each of the members thereof, in the exercise of any and all powers delegated to it or them, having to do with the rates, charges and regulations pertaining to the plaintiff Company and its operations in the State of Idaho."

No copy of plaintiffs' traverse appears in the record, though evidently as interposed, challenged jurisdiction and fatal failure to resort to appropriate administrative and appellate procedure.

April 16 the Company filed a petition for rehearing with the Commission. The rehearing was set for August 22 and then August 30, 1949, to consider the fact situation as of June 30, 1949. The Company's case was then put before the Commission and the hearing adjourned indefinitely. No further record of proceedings before the Commission on the petition for rehearing appears.

July 30, application was made herein for a writ of prohibition, challenging the Defendant's jurisdiction to decree or enjoin. An alternative writ issued October 31 and answer and return being made, hearing was had January 16, 1950. No appeal has been taken and the merits of the controversy; i. e., the correctness of the rates, are not before us nor the scope of our power (though extensively argued) on appeal. The only question before us is the jurisdiction of the District Court to issue the decree and injunction.

Plaintiff urges the defendant had no jurisdiction to either grant injunctive relief or make an independent judicial investigation and determination of what the correct rates should be. The Company, championing the defendant, evidently contends the defendant has jurisdiction to do both; that the former is essential to prevent, pendente lite, confiscation and irreparable injury, and the latter because the Commission's proceedings to determine and fix rates are of a legislative nature; and to afford due process there must be an independent judicial hearing and determination, relying on such cases as Lowell Gas Company v. Department of Public Utilities, 324 Mass. 80, 84 N.E.2d 811.

█ Article 5, Section 9 of the Idaho Constitution, as amended in 1920, and executing legislation now Section 61-621, I.C.,

238

placed all appellate jurisdiction from orders of the Public Utilities Commission exclusively in this Court, Boise Artesian Water Co. v. Public Utilities Comm., 40 Idaho 690, 236 P. 525. Thus, no right of appeal to the District Court now exists, but the accepted view, in the absence of barring constitutional or statutory inhibition, is that due process requires that courts stay an order of a commission; i. e., regulatory body, if enforcement thereof may result in confiscation and irreparable loss, until the final adjudication, through appropriate channels, of the correctness of the order. Public Service Commission v. Indianapolis Rys., supra; Prendergast v. New York Telephone Co., supra; Banton v. Belt Line R. Corp., 268 U.S. 413, 45 S.Ct. 534, 69 L.Ed. 1020; Sprague v. Biggs, supra; Peoples Gas, Light & Coke Co. v. Slattery, 373 Ill. 31, 25 N.E.2d 482; Smith v. Illinois Bell Telephone Co., 270 U.S. 587, 46 S.Ct. 408, 70 L.Ed. 747; Public Service Commission v. Indianapolis Rys., Inc., 225 Ind. 656, 76 N.E.2d 841.

The correct concept is that as to the substance; i. e., fixing a just rate, the Commission's determination of rates must be concluded before judicial *review* may be invoked, which means hearing and either denial of or conclusion of a rehearing, then appeal or other appropriate invocation of the reviewing judicial process which must be sufficiently comprehensive and searching to protect all constitutional rights.

Also, however, that pendente lite, the Company must be protected against confiscation, if irreparable, and to insure and accomplish this Courts may and must, if the Commission does not, stay enforcement of a confiscatory rate, correspondingly protecting the consumer. Such interim stay not to halt or interfere with the completion of the administrative legislative process, or lacking ensuing acquiescence, of judicial review.

▪ This concept is completely comprehensive and harmoniously eradicates all confusion. One phase is wholly of substance, allowing full play to administrative action; the other procedural, but securing, pendente lite, constitutional rights. Thus analyzed, the situation admits of simple and perfectly clear adjustment. Such stay is not making rates by injunction; it only defers enforcement until the rate is constitutionally and legally made.

Plaintiffs rely on the California cases as holding the District Court has no jurisdiction to issue this injunction. The California statute thus provides: "No court of this State (except the Supreme Court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; * * *." St.1933, pp. 1157, 1158; § 67.

■ Article 5, Section 9 of our Constitution and Section 61-627, I.C. govern appeals only. Sections 61-633 and 638, I.C. are not prohibitory, but permissive and authorize stays and the conditions therefor. Until an appeal is taken, it is extremely doubtful if we would have jurisdiction to issue a stay order, under the statute, or our general powers in aid of our appellate jurisdiction. Article 5, Section 9, supra; Richardson v. Bohney, 18 Idaho 328, 109 P. 727; Stout v. Cunningham, 29 Idaho 809, 162 P. 928.

Plaintiffs cite no authority even indicating this Court has jurisdiction to order a stay prior to appeal. If we have not, then appeal is not adequate, because no protection is given the Company, pendente lite, prior to appeal, except—so far as plaintiffs' contentions appear herein—in the District Court.

Paragraph XXIII of the Company's complaint before defendant alleged: "Plaintiff shows that it has patiently and diligently pursued its administrative remedies, seeking to obtain from the Public Utilities Commission the emergency relief as hereinbefore set out, and to which it is entitled, and that it has failed to secure satisfactory relief from having its property daily confiscated, and that it is now entitled to have, and indeed, unless its property is to be taken without due process of law, it must have access to and the protection of a Court of Equity."

■ Thus, either the Company had sought protection from the Commission against interim imposition of the lower rates, pendente lite, and been denied, or plaintiffs make no point of such omission, because they do not argue it, but confine failure to exhaust administrative remedies to lack of asking for a rehearing or appeal. By reason of the cases cited, Smith v. Illinois Bell Telephone Co., supra; Palermo Land & Water Co. v. Railroad Comm. of California, D.C., 227 F. 708, they seem concerned only with appeals and do not by citation or argument rest upon the Company not seeking a stay from the Commission under Section 61-624 or 626, I.C. The rehearing was sought the same day the injunction issued, which automatically deferred any appeal. Consumers Co. v. Public Utilities Comm., 40 Idaho 772, at page 774, 236 P. 732.

Plaintiffs, further stressing that administrative remedies must be exhausted before resort to court action to stay, cite the following: In Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150, similar stay was interposed by a Federal Circuit Court against the order of the Virginia State Corp. Commission. Many distinguishing factors render it completely or compellingly inapplicable, but it suffices to notice that while the majority opinion dwelt upon the necessity of an appeal, the majority nevertheless continued the stay in effect, thus countenancing the exercise of equity

interposed suspension of rates as herein.

"* * * We may add that, when the rate is fixed, a bill against the commission to restrain the members from enforcing it will not be bad as an attempt to enjoin legislation or as a suit against a state, and will be the proper form of remedy." Citing cases.

"* * * As our decision *does not go upon a denial of power* to entertain the bills at the present stage, but upon our views as to what is the most proper and orderly course in cases of this sort when practicable, it seems to us that the bills should be retained for the present to await the result of the appeals if the companies see fit to take them. * * *." Prentis v. Atlantic Coast Line Co., supra, 211 U.S. 210, 29 S.Ct. 71, 53 L.Ed. at page 160. Emphasis ours.

Cumberland Tel. & Tel. Co. v. Louisiana Public Service Comm., 260 U.S. 212, 43 S. Ct. 75, 67 L.Ed. 217, is not in point because based on a Federal statute, whereby one judge was unauthorized to stay a three-judge court decision. Likewise, Henderson Water Co. v. Corporation Commission of State of North Carolina, 269 U.S. 278, 46 S.Ct. 112, 70 L.Ed. 273, and further for the effect given a franchise. Illinois Bell Telephone Co. v. Commerce Commission, 306 Ill. 109, 137 N.E. 449, is similarly not pertinent.

Town of West New York v. State Board of Public Utility Commissioners, 105 N.J. Eq. 438, 148 A. 402, involved conflict of judicial jurisdiction after appeal, not the powers as herein exercised prior to appeal. It is only confusing and neither explicit nor clarifying; consequently, completely inappropriate not to keep in mind the status of rate proceedings before the Commission and stay thereof prior to the Commission's final determination, and after appeal is taken.

We recognized that failure to collect higher rates, if lower rates should be shown to be confiscatory, would result in irreparable loss—hence should be collected and impounded. Mountain View Rural Telephone Co. v. Interstate Utilities Co., 55 Idaho 86, at page 95, 38 P.2d 40. The stay there granted was in connection with an appeal taken. The principle announced and applied supports defendant.

■ It is urged that appeal being provided for affords an adequate remedy to prevent confiscation. If this point in principle be not completely settled to the contrary by Mountain View Rural Telephone Co. v. Interstate Utilities Co., supra, to await appeal before a stay order could be issued by this Court would be inadequate, is apparent for these reasons: First, the losses sustained during the time from May 14, 1948, when increased rates were asked and until appeal to this Court, not yet taken and now unavailable until the rehearing before the Commission is concluded, because the rehearing must be completed (Sec. 61-627, I.C.) before an appeal will lie and we have jurisdiction to grant a stay, could not be recouped by an increased rate to cover them, so such loss would be permanent.

Second, the statute authorizes a stay and that an appeal of itself does not stay; hence, the legislature has prevented an appeal from being adequate during the period between the first order of the Commission fixing inadequate rates and date of appeal when we might issue a stay.

If due process comprehends that courts have jurisdiction to protect against confiscation, pendente lite, and we have no jurisdiction prior to appeal to issue a stay, the District Court with general and unlimited jurisdiction as ordained by Article 5, Section 20 of the Constitution in all suits at law and in equity, under the above authorities must have jurisdiction to stay, City of Council Bluffs v. Omaha & C. B. St. Ry. Co., 8 Cir., 9 F.2d 246; otherwise, there would be no protection against confiscation after an order fixing rates pending rehearing and before appeal is taken, Southern Bell Tel. & Tel. Co. v. Georgia Public Service Comm., 203 Ga. 832, 49 S.E.2d 38, at page 62. Since a rehearing does not suspend Sec. 61-626, I.C., California, in line with other authorities, recognizes that such stays need not await exhaustion of administrative remedies, Abelleira v. District Court of Appeal, Third District, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715.

It is unnecessary to differentiate and determine whether this power in the District Court was intended by the legislature in Sections 61-633 and 634, I.C., or derives from its general equity powers, because the statutes so construed would coincide with such equity powers and the statutes offer adequate procedure to properly protect the impounded funds, Public Service Commission v. Indianapolis Rys., Inc., supra, 72 N. E.2d at page 438. But neither statute nor equity power, coincidentally or separately, authorizes the District Court to pass upon the correctness of the rates. We need not determine more than if defendant did go beyond, there was no justifiable jurisdiction. There was jurisdiction for injunctive relief, but no more.

Ohio Valley Water Company v. Ben Avon Borough, 253 U.S. 287, 40 S.Ct 527, 64 L.Ed. 908, is urged as holding injunction may not interfere with rate making. Correct, but that is not the point and that case was not passing upon a stay. Section 31 of the Pennsylvania statute, P.L. 1913, p. 1429, considered, was not analyzed as to any stay thereunder, but as to the Commission having "opportunity for submitting that issue (not stay, but substance, i.e., correctness of the rates) to a judicial tribunal for determination upon its own independent judgment as to both law and facts; otherwise the order is void because in conflict with the due process clause, * * *." 253 U.S. 287, 40 S.Ct. 528, 64 L.Ed. page 914. See analysis in Southern California Edison Co. v. Railroad Commission, 6 Cal.2d 737, 59 P.2d 808, at pages 810-811. The dissent really points up the case and clearly discloses that the gist of the case was review of the rate, not interim suspension.

Napa Valley Electric Company v. Railroad Commission of California, 251 U.S. 366, 40 S.Ct. 174, 64 L.Ed. 310, is in line with Southern California Edison Co. v. Railroad Commission, supra, as to the adequacy of appellate procedure before the California Supreme Court, not as to a stay. Understanding of and adherence to the distinction between who may stay prior to appeal and after; and between stay and passing upon the substance of the rates, disposes of the other authorities cited and relied on by plaintiffs.

The essence of judicial determination is to protect the constitutional rights of the Company. If this be done as within the scope of our power on appeal, the necessity of independent judicial hearing is non-existent. Market Street R. Co. v. Railroad Commission, 24 Cal.2d 378, 150 P.2d 196, at page 206. The question of scope of adequate remedy will and must come before us on appeal.

The Company is now adequately protected against confiscation, pendente lite. The Commission has not completed its consideration. If it decides with the Company, the Company has no cause of complaint. Plaintiffs have taken a fixed position against independent court action and no appeal has been taken. Hence, we do not consider or pass upon the scope of our appellate authority, except to call attention to the holdings under constitutional and statutory limitations and admonitions similar to ours,

Article 5, Section 8 of the Constitution, and Section 61-629, I.C., that complete constitutional and due process are comprehended therein and the courts have had no difficulty in dispensing complete justice thereunder. Idaho Power etc. Co. v. Blomquist, 26 Idaho 222, at page 256, 141 P. 1083, Ann.Cas.1916E, 282; Southern California Edison Company v. Railroad Commission, supra; American Toll Bridge Co. v. Railroad Commission, 12 Cal.2d 184, 83 P. 2d 1.

If no appeal is ever taken from the final order of the Commission following consummated rehearing, and the rates remain as now ordered by it, the injunction must be dissolved; likewise, if appeal be taken and the rates as now fixed be approved. If the rates be set aside, the injunction may continue, subject to orders by this Court in aid of its appellate jurisdiction attendant upon and when an appeal is taken, and until final adjudication. The District Court thus has only jurisdiction to authorize the collection of a prima facie non-confiscatory rate by protected impounding, pendente lite.

The decree and injunction as such and as now in effect do not go beyond the jurisdiction of the defendant, and it is doubtful if the defendant contemplated either that he had jurisdiction to do more or if he had it, to exercise it. So, his decree and the injunction thus limited must be sus-

243

tained; i. e., considered as a stay, pendente lite. Beyond this the District Court has no jurisdiction to go.

The alternative writ heretofore issued is quashed.

PORTER, TAYLOR and KEETON, JJ., concur.

HOLDEN, C. J., dissents.