545 P.2d 471

**Robert LENAGHEN et al., Petitioners,**

v.

**The Honorable W. E. SMITH, District Judge of the Fourth Judicial District of the State of Idaho, and INTERMOUNTAIN GAS COMPANY, Real Party in Interest, Respondents.**

No. 12060.

Supreme Court of Idaho.

Jan. 27, 1976.

Wayne L. Kidwell, Atty. Gen., Conley Ward, Jr., Asst. Atty. Gen., Boise, for petitioners.

Barry L. Marcus, of Marcus & Marcus, Boise, for respondents.

PER CURIAM.

This is an original proceeding in this Court brought by the Idaho Public Utilities Commission seeking a writ of prohibition directed to W. E. Smith, District Judge of the Fourth Judicial District Court. The object of the petition is to prohibit the district court from exercising any jurisdiction in a proceeding brought by Intermountain Gas Company against the Idaho Public Utilities Commission. That proceeding in the district court is in the nature of a mandamus to require the Public Utilities Commission to vacate its order dismissing Intermountain's application for a rate increase. An alternative writ of prohibition was heretofor issued by this Court and directed to the said W. E. Smith and we make the same permanent.

The extremely convoluted prior proceedings, albeit this Court does not have all the record before it, is largely agreed upon by the parties and consists of the following. On May 16, 1975, the Intermountain Gas Company filed an application with the Idaho Public Utilities Commission seeking authority to increase its charges for natural gas service in Idaho and make other changes in its then existing rate structure, general service provision and composite depreciation rate. Following examination of such application, the Commission dismissed it *without prejudice to refiling* on the alleged grounds that rates contained in Intermountain's request were not based upon Intermountain's then approved rate schedule, but rather included a rate increase which was contained in a prior application then pending before the Commission and that the submitted application failed to include sufficient data in support of the proposed modifications. Intermountain then filed a motion to vacate that order of dismissal and a petition for rehearing. That motion to vacate and petition for rehearing were denied by the Public Utilities Commission on August 8, 1975. However, on

July 22, 1975, prior to the Commission's action on the motion and petition, Intermountain filed duplicate applications in this Court and with the Fourth Judicial District Court requesting orders from those courts compelling the Public Utilities Commission to reinstate Intermountain's application of May 16, 1975. On August 1, 1975, this Court without opinion denied Intermountain's application for mandate and writ of review. Although we are not informed of the precise status of the petition pending in the district court, it is agreed that on August 26, 1975, upon motion of the Public Utilities Commission, District Judge W. E. Smith dismissed Intermountain's petition in that court for a writ of review but denied a motion of the Commission to dismiss Intermountain's application for a writ of mandamus. On September 5, 1975, Intermountain Gas filed in this Court its notice of appeal from the order of the Public Utilities Commission dismissing Intermountain's application of May 16, 1975, and the Commission's denial of Intermountain's petition for rehearing. Thereafter, the instant petition was filed here. On October 21, 1975, this Court issued its alternative writ of prohibition directed to W. E. Smith, as district judge, and set the matter for oral hearing at the earliest then available date of January 9, 1976.

Several assertions are made by the parties in this action. The Public Utilities Commission contends primarily that Intermountain's petition for writ of mandate addressed to the district court seeks to oust the Supreme Court of its appellate jurisdiction over Commission orders in violation of the state constitution, statutes and the decisions of this Court. Idaho Const. art. 5, § 9; I.C. §§ 1–203, 61–627, 61–632; *Joy v. Winstead*, 70 Idaho 232, 215 P.2d 291 (1950). It is argued that if the district court be allowed to continue its alleged jurisdiction, such will result in interminable delay in that an appeal will lie and be taken to this Court from the district court's action on the petition for mandamus, and that undoubtedly the year 1976 will have passed into history without final disposition of this cause. It is also argued that Intermountain was advised that failing to file an amended petition would result in automatic denial of the application upon hearing and that all the following proceedings and consequent passage of time would have been avoided by the filing of an amended application.

Intermountain responds, *inter alia*, that the Commission had no authority to dismiss its application without a hearing, and that unless the district court orders mandamus, it is without any plain speedy and adequate remedy at law to correct the Commission's abuse of discretion. None of the arguments except one, however, need be discussed or decided by this Court.

We note that after filing joint applications for writs of mandamus and review in both this Court and the district court, Intermountain filed an appeal in this Court from the Commission's order of dismissal and its denial of the petition for rehearing. Under the circumstances we believe that that appeal provides the most expeditious avenue for resolution of this conflict. Rather obviously if there exists a plain, speedy and adequate remedy for the asserted violation of the Public Utilities Commission's jurisdiction, such remedy lies in appeal. Equally obvious is that if appeal presents a plain, speedy and adequate remedy, the issuance of the extraordinary writ sought in district court would be in error. *Felton v. Prather*, 95 Idaho 280, 506 P.2d 1353 (1973); *Radermacher v. Sutphen*, 60 Idaho 529, 92 P.2d 1070 (1939). We therefore deem that an appeal from the Commission's original order does lie in this Court.

The alternative writ heretofor issued is made permanent. No costs allowed.